## ELIZABETH M. KNOWLES *vs.* WILLIAM. B CRAMPTON.

New Haven Co., June⁻ T., 1887. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

In a suit for a personal injury the defendant, to contradict the plaintiff's evidence, offered to prove the location of the ribs in the human system by a section of a human body brought into court. Held that, as the jury could have been made to understand the matter by other evidence, and as the exhibition in court would have been an offensive one, the court might properly use its discretion as to receiving it.

The defendant offered in evidence a letter written to him by the plaintiff's attorney, with proof that the plaintiff had authorized it, in which the particulars of the injury and of the plaintiff's condition were stated, and in another part an offer was made to accept a sum named rather than to bring a suit. Held, that the first part of the letter was admissible and the other part not, and that as the defendant offered the whole letter in evidence without stating the purpose for which he offered it, the court committed no error in excluding it.

In dangerous situations ordinary care means great care. The greater the danger the greater is the care required, and the want of the care required may amount to culpable negligence.

If a part of a charge taken by itself is erroneous, it is no ground for granting a new trial if, taken with other parts of the charge and the

claims of the parties, it is manifest that the jury could not have been misled by it.

[Argued June 22d—decided October 19th, 1887.]

ACTION for an injury through the negligence of the defendant; brought to the Court of Common Pleas of the county of New Haven, and tried to the jury before *Deming, J.*

Upon the trial it was admitted that the parties to the suit were living in the town of Madison, in this state, and that on the 25th day of July, 1886, they had been to church and Sunday school, and that the accident occurred upon the public highway as they were returning from church, about one o'clock in the afternoon. The Knowles team, in which the plaintiff and her brother, Herbert Knowles, were riding, started from the church first, and was soon followed by the Crampton team, in which William B. Crampton, the defendant, Carrie Crampton, Catherine J. Pickett, and Thomas Pickett were riding. Herbert Knowles was driving the Knowles team, and Thomas Pickett the Crampton team. Near the church the road bends to the west at a point called Todd's corner. As the Crampton team turned the corner the Knowles team was about eleven rods in advance, and slacked up almost to a standstill, to ask a young girl to ride. As the Crampton team approached near the Knowles team started forward again, the horse walking, and had proceeded about two rods when it stopped to allow another young lady to get in and ride. As the Knowles wagon stopped, William B. Crampton, the defendant, told Thomas Pickett, his driver, to turn out and go past. Pickett turned to the left, and in attempting to pass the wheels of the Crampton wagon struck the wheels of the Knowles wagon, which was tipped up toward the left, and the plaintiff and Herbert and the seat of the wagon came to the ground at the same time. The plaintiff was assisted into her wagon by the defendant, and she rode home sitting in the wagon without support, and on the way stopped to take in the same young

lady, and carried her a portion of the distance.    The plaint-
iff was eighteen years old, and not under the average size.

As to the injury sustained, the plaintiff claimed and offered
evidence to prove that she was thrown from the wagon by
reason of the carelessness and gross negligence of the de-
fendant; that in falling she struck upon the ground, some-
what in the rear of the Knowles wagon, where she lay until
assisted to her feet and into the Knowles wagon by the
defendant; that when she reached home she had to be lifted
out of the wagon, and helped into the house, and could not
go alone; that she was severely injured by the fall, one rib
being broken and two other ribs severely injured; that for a
long time thereafter she suffered much pain, and that she was
obliged to employ physicians, and that her system received
a shock by reason of the fall which rendered her incapable
of doing any work, and confined her to her bed a large part
of the time, both day and night.

In support of these claims the plaintiff introduced the
testimony of physicians as to the precise location and char-
acter of her injuries, and testified herself to the same points.
To disprove this testimony the defendant introduced a sur-
geon who testified that he examined the plaintiff a short
time after the accident and could find no appearance of
broken ribs; and that the portion of the ribs described by
the physicians called by the plaintiff was not bone but car-
tilage, which is pliable and which it is almost impossible to
break in a person of the plaintiff's age.

The defendant, to sustain the testimony of the surgeon,
and to discredit the testimony of the physicians for the
plaintiff, offered in evidence a section of a human body
which he claimed would show the character and relative
position of the bone and cartilage constituting the human
ribs, and the manner in which the bone and cartilage are
joined together, and joined to the breast bone; which the
surgeon testified that he had cut from the body of a woman
about the size and age of the plaintiff.    To this exhibit the
plaintiff objected, the court sustained the objection, and the
defendant excepted.

The defendant also offered in evidence a letter written to him by one of the counsel for the plaintiff. (This letter is given in the opinion.) To its introduction the plaintiff objected, on the ground that it was an offer to compromise and therefore was inadmissible in evidence. The court sustained the objection, and the defendant excepted.

The defendant offered to call Henry D. Knowles and the plaintiff, to show that they had authorized the writing of the letter, but the plaintiff objected, on the ground that even if the plaintiff did authorize the writing it was still an offer of compromise, and therefore inadmissible. The court sustained the objection, and the defendant excepted.

The charge of the court is sufficiently stated in the opinion.

The jury returned a verdict for the plaintiff for five hundred dollars damages, and the defendant appealed to this court.

*H. G. Newton* and *C. K. Bush*, with whom was *C. Kleiner*, for the appellant.

1. The section of the human body should have been admitted. The question whether any of the plaintiff's ribs were broken was of vital importance. Three physicians had testified that bones of ribs were broken in a place where the surgeon called by the defendant testified there were no ribs in the human body, and the latter offered a section of the body of a woman of the size and age of the plaintiff to substantiate his testimony. This section, if shown to the jury, would have proved to them infallibly that his testimony was correct, and that the testimony of the plaintiff's physicians was untrue. The defendant had no other equivalent means of making this point clear to the jury.

2. The letter from the plaintiff's attorney and the offer to show that it was written by direction of the plaintiff should have been admitted. It admits that there was only one rib broken; it gives an estimate of the amount of damage; it shows that it was really H. D. Knowles who sued

and not the plaintiff; it shows who was really liable for the expenses of caring for the plaintiff. It was not an offer of compromise merely. There was no suit or question yet pending between the parties. It was written after the examination of the plaintiff by her physicians, and contradicted their testimony as to the number of ribs broken. It showed how the plaintiff's claimed injuries were regarded when considered in the light of a business transaction. An admission of a fact is not to be excluded because it is made with a view to a compromise or connected with an offer of compromise. *Hartford Bridge Co.* v. *Granger*, 4 Conn., 148; *Fuller* v. *Hampton*, 5 id., 426; 1 Greenl. Ev., § 192; Stephen's Dig. of Evid.; (3d Am. ed.,) art. 20, note 2, and authorities cited. No case can be found where an original demand made by the plaintiff is considered as an offer of compromise, there being nothing to compromise.

3. The charge was clearly erroneous in the following particulars. The court charged that " where teams are passing along the highway in the same direction the rear team may pass on either side of the advanced team, provided there is ample room, and if in attempting to pass damage occurs without fault on the part of the advanced team, the party attempting to pass and causing the damage is liable for the consequences." Also that " contributory negligence, to be a defense, must have contributed to produce the injury, and even then the defendant must have been in the exercise of ordinary care." Also that " one who endeavors to pass another going in the same direction or standing still, must be responsible for all damages he causes to the one he endeavors to pass, unless the latter by some act contributed to the injury." Also that " if they were satisfied from all the evidence in the case that there was negligence on the part of the defendant which caused the accident, he could not excuse himself by showing negligence on the part of the plaintiff, unless it amounted to a want of such a degree of care as it was incumbent on the plaintiff to exercise." Also that " if the plaintiff exercised all the care that the law required of her under the circumstances in which she

was then situated, the defendant could not avoid the effect of his negligence." Also that "if they found that the plaintiff was in the exercise of ordinary care and the injury was attributable to the negligence of the defendant combined with some accidental cause, to which the plaintiff had not negligently contributed, the defendant was liable." These instructions were equivalent to a charge that the defendant was liable whether he was negligent or not. They exclude the possibility of inevitable accident caused by the plaintiff's horse backing or otherwise. The defendant claimed that the accident was thus caused and that if thus caused by the negligence of the plaintiff's driver, it was the result of inevitable accident. It was not disputed that her team stopped in the traveled track. The defendant had a clear right to turn out and drive past. If, while doing so, the plaintiff's wagon backed against him, it is clear matter of law that he was not liable. She had no right to stop suddenly in the traveled track, in front of another team, to take in a passenger, when there were two rods of level space on either side of her which she might have driven upon. The charge is also equivalent to saying that if the defendant was guilty of negligence, no amount of negligence on the part of the plaintiff could avail him as a defense. This is not the law. The burden is always upon the plaintiff to show that the injury is in *no degree* attributable to any want of care on his part.

*J. H. Whiting* and *J. McKean*, for the appellee.

CARPENTER, J., The plaintiff claimed, and offered evidence in support of her claim, that two or three of her ribs were broken. The physicians, who testified in her behalf, located the ribs. The defendant denied the claim, and further contended that at the place described there were no ribs. To support his claim on this point he offered in evidence a section of a human body. To this evidence the plaintiff objected and the court excluded it.

We see no necessity for evidence of this character. It

was not in itself evidence, although it might serve to illustrate, and might perhaps assist the jury somewhat in understanding, the expert testimony. But for that purpose it was hardly needed, as that testimony was reasonably intelligible in itself. But if not, the jury could easily have been made to comprehend it by other means. The exhibit being of doubtful utility, and offensive in its nature, we think the court might well exercise its discretion. In matters of discretion the action of the trial court is not subject to review in this court.

2. The second reason of appeal is the rejection by the court of a letter, offered by the defendant, written to him by the attorney of the plaintiff, stating the claim, naming a sum which would be accepted, and requesting a settlement. The letter purports to present a claim of the father of the plaintiff " for the loss of services, nursing and doctor's bill, etc., necessary for his daughter," and contains no intimation of a claim in behalf of the daughter for personal injuries. Of course no admission or declaration by the father is admissible against the plaintiff.

But the defendant offered to prove that the letter was authorized by the plaintiff, and so was in fact her letter. This too was rejected.

The rejection of the letter and the accompanying evidence cannot be wholly vindicated on the ground that it was an offer to compromise an existing controversy. The material part of the letter is as follows:—" Mr. Henry D. Knowles has put a claim, which he has against you, into my hands for settlement. He claims that while his children were peacefully driving home from Sunday-school, last Sunday, your carriage ran into his, throwing the children out, and fracturing one of his daughter's ribs, and otherwise injuring her so badly that she is now under the doctor's care, and liable to be so for some time to come. He authorizes me to say that, while he does not consider fifty dollars a fair compensation for the loss of service, nursing and doctor's bill, etc., necessary for his daughter, yet, to avoid

any further difficulty, he will be willing to accept that sum as full compensation."

That part of the letter which states the facts is absolute, not conditional. It is not expressly stated to be without prejudice, and nothing in it justifies the inference that it is a concession for the mere purpose of a compromise. That part, aside from the remaining portion, would have been admissible if the defendant had chosen to offer it. But it is otherwise with that part relating to the amount of damages. There is a concession, and it is clearly stated to be for the purpose of effecting a settlement without suit. That is clearly inadmissible. The whole letter was offered in evidence—that part as well as the other. If it was not divisible the objectionable part would seem to exclude the whole. If divisible the defendant should have offered only that part which he was entitled to, as that might have been received and the other excluded. Instead of limiting his offer to the admissible part and stating the purpose for which he offered it, he insisted upon his right to have the whole, not stating the object for which he wanted it; leaving it open to the inference that it was the objectionable part that he wanted, and that solely for the purpose of affecting the amount of damages. The court was not bound to discriminate for him, but properly excluded the whole.

2. The court charged the jury as follows: "When teams are passing along the public highway in the same direction, the rear team may pass on either side of the advance team, provided there is ample room, and if in attempting to pass damage occurs, without fault on the part of the advance team, the party attempting to pass and causing the damage is liable for the consequences." The third reason of appeal alleges that this charge was erroneous, first, on the ground that it was not applicable to the case, and second, that it imposed upon the defendant a liability without negligence on his part. The rules which govern attempts to drive by others going in the same direction are equally applicable whether the forward team is in motion or is for the moment standing still; so that the first objection fails. The second

is equally groundless, for the jury were fully charged on the subject of negligence, and were distinctly told that negligence was essential to the defendant's liability.

4. The court charged the jury that "contributory negligence, to be a defense, must have contributed to produce the injury, and even then the defendant must have been in the exercise of ordinary care." This is excepted to. As an abstract proposition, divorced from the facts of the case and the context, it may be erroneous. Taken in connection with the respective claims of the parties, it is not difficult to discover the meaning of the court. The supposed negligence of the plaintiff consisted in stopping just ahead of the defendant, and it was claimed that the defendant was negligent in driving by. The court doubtless intended to say that the defendant must use such care as men of ordinary prudence would use under the circumstances. In view of the plaintiff's situation, admitting that she was there negligently, and that the defendant knew it, he was certainly required to use reasonable care not to injure her. In dangerous situations ordinary care means great care; the greater the danger the greater the care required; and the want of the degree of care required may amount to culpable negligence. In a crowded city a man may negligently leave the sidewalk and walk in that part of the street devoted to the use of carriages; but that will not justify the driver of a carriage in wantonly driving against him. In such cases there is manifestly a limit to the defense of contributory negligence; and that limitation the court had in mind. It is not necessary however to vindicate the charge wholly on that ground; for taken in connection with what precedes and what follows the sentence quoted, we think the jury were not misled. The jury had just been told that the plaintiff must prove not only negligence by the defendant, but also "that the injury was not caused in whole or in part by his own negligence." And immediately after they were told that if the plaintiff "was carelessly and negligently run into by the defendant and injured, without any act on her part contributing to the injury, your verdict will be for the plaintiff."

And again : "The law is so that when both parties by their mutual neglect to use proper precaution, have contributed to the injury, and when it would not have occurred but through the combined negligence of both, no damages can be recovered."

There are in all nineteen reasons of appeal, the others of which present several questions of minor importance. None of them however, although alluded to, are strenuously insisted on. We deem it unnecessary to consider them in detail. It is sufficient to say that in none of them do we find any reason for granting a new trial.

There is no error in the judgment complained of and a new trial is not granted.

In this opinion the other judges concurred.