300:38 LRA

## MYERS *v.* HINDS.

1. BICYCLES—NEGLIGENCE OF RIDER.

   A bicycle is a vehicle, and is to be so regarded in determining the degree of care to which the rider should be held in the use of the public highways.[1]

2. SAME—EVIDENCE—BURDEN OF PROOF.

   A bicyclist has the burden of disproving his negligence when he rides up behind another, who is walking where he has a right to walk, and, without giving any warning, strikes him with his vehicle.

3. SAME—DEFENSES.

   One who rides a bicycle down a narrow path beside the roadway at the rate of five or six miles an hour, giving no warning of his approach, at a time when the path is occupied by many other persons going in the same direction, is not relieved from liability for running into a pedestrian by the fact that the accident was caused by his striking an obstacle, —at least if it does not appear that he was unable to see and avoid such obstacle by the exercise of due care.

4. EVIDENCE—CONCLUSIVENESS.

   Testimony that a witness *thinks* a certain fact to exist cannot be regarded as conclusively establishing the fact, unless no reasonable conclusion other than that stated by the witness can be drawn from the facts given as the basis for his belief.

Error to Montcalm; Davis, J. Submitted June 17, 1896. Decided July 21, 1896.

Case by Ethel Myers, an infant, by her next friend, against Henry H. Hinds, to recover damages for injuries sustained by a collision with a bicycle. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Reversed.

---

[1] With the case of *Twilley* v. *Perkins*, (Md.) 19 L. R. A. 632, is a note collecting the authorities bearing on the regulation of bicycle riding.

Plaintiff, a girl 14 years of age, was returning from a picnic in the country. She was walking down a hill carrying her little sister in her arms, in a path about a foot from the wagon roadbed, the path being wide enough for two persons to walk abreast. The defendant was riding down the hill on a bicycle in the same path. He came up behind the plaintiff, and struck her with his bicycle, knocking her down and inflicting a severe injury. She brings suit for negligence, alleging that he carelessly, improperly, and negligently rode, propelled, governed, and directed his bicycle against her. Upon the conclusion of the plaintiff's evidence, the court directed a verdict for the defendant, upon the ground that he was not shown to have been guilty of negligence.

Plaintiff had no warning of the approach of the defendant, who was riding at the rate of five or six miles an hour, until she was struck. He rang no bell, and gave no signal of his approach. She was in the exercise of her lawful rights, and was guilty of no negligence. Several others were walking down this path. One, a young lady, was walking in the same direction, and about four feet behind the plaintiff. She testified that she did not hear the defendant until he was very near her, when she heard a noise which she thought was made by the bicycle's running over a stone or something. Immediately upon passing her, he struck the plaintiff. It was not clear from the testimony whether the defendant was upon the bicycle at the time he struck her, or whether he had fallen. Evidently the plaintiff, the defendant, and the bicycle went down at almost the same moment. Some of the witnesses testified that, after the fall, the defendant said that his bicycle struck a stone, which was the cause of the accident.

The circuit judge stated his reason for directing a verdict for the defendant as follows:

"I determine, from the undisputed testimony in this case, as a matter of law, that the collision was caused by his running over an obstacle, and that it is not shown to

have been done by his negligence,—such negligence as the law would give the plaintiff a right to recover for. He had a right, in law, along the highway where he was, at the point he was, so long as he used the care and skill a man of ordinary prudence would have done; and no testimony is offered in this case that causes me to believe that, according to law, it is such negligence as shows that he was running at an unreasonable rate of speed."

*A. A. Ellis*, for appellant.

*McGarry & Nichols*, for appellee.

GRANT, J. (*after stating the facts*). We think the court was in error, and that the plaintiff's evidence entitled her to go to the jury. A bicycle is a vehicle. Counsel for the defendant concede this, and the authorities so hold. *Holland* v. *Bartch*, 120 Ind. 46 (16 Am. St. Rep. 307); *Mercer* v. *Corbin*, 117 Ind. 450 (10 Am. St. Rep. 76); *Taylor* v. *Goodwin*, 4 Q. B. Div. 228. The question, therefore, is: What was the duty of the defendant, riding on a vehicle, in passing a pedestrian going in the same direction? His vehicle made no noise, and he gave no signal. Many others were walking in this narrow path. The roadbed for vehicles was open to him. If it be granted that he struck a stone or other obstruction, was the stone or obstruction such that he ought, in the exercise of due care, to have seen it, and avoided the danger? Was it such that the consequence of striking it must have been apparent to him? What efforts did he make to avoid the obstruction, if he saw it? When one passes another, both using bicycles and going in the same direction, it appears to be the rule that the one passing is liable if damage results without misconduct on the part of the one passed. Elliott says:

"The only rule of general application that can be laid down is that he who attempts to pass another going in the same direction must do so in such manner as may be most convenient under the circumstances of the case; and, if damage result to the person passed, the former must answer for it, unless the latter, by his own reckless-

ness or carelessness, brought the disaster upon himself." Elliott, Roads & S. 621, 622.

See, also, Ang. Highw. § 340; *Knowles* v. *Crampton*, 55 Conn. 336.

We think the court was in error in holding that the collision was caused by defendant's running over an obstacle. As already shown, the only testimony upon this point was the statement of defendant, made just after the accident, and the testimony of one witness that she thought he struck something; but she based this thought only upon the noise she heard. His own statement, made after the accident, is not evidence of the fact; it is hearsay. What the witness thought is not conclusive of the fact, unless no other reasonable basis exists for her thoughts or belief than the one she gave. But, even if this were so, it would not follow that defendant was relieved from liability unless the obstruction was such that he could not see and avoid it by the exercise of due care. Nor do we think it can be held as the law that the defendant was in the exercise of due care in riding down this narrow path at the rate of five or six miles an hour, occupied, as it was, by many other persons going in the same direction. This is not a case for the application of the rule of law that an accident and a consequent injury are not of themselves evidence of negligence. When one upon a bicycle comes up behind another, who is unconscious of his approach, and is walking where he has a right to walk, gives no warning, and strikes him with his vehicle, these circumstances, unexplained, tend to show negligence. The defendant may be able to show that he was in the exercise of due care, but the burden of proof was cast upon him by the plaintiff's case.

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.