PEOPLE *v.* SMITH.

MOTOR VEHICLES—STATUTES—CONSTRUCTION—MOTOR CYCLES.
  Under Act No. 196, Pub. Acts 1905, a motor cycle is a "motor
  vehicle," and subject to all the provisions and regulations of
  such act, relative to such vehicles.

Error to recorder's court of Detroit; Phelan, J.   Submitted February 11, 1909.   (Docket No. 153.)   Decided March 30, 1909.

Henry G. Smith was convicted of using and operating a motor cycle in violation of Act No. 196, Pub. Acts 1905.   Affirmed.

*George P. Codd,* for appellant.

*Philip T. Van Zile,* Prosecuting Attorney, and *Fred H. Aldrich,* Assistant Prosecuting Attorney, for the people.

McALVAY, J.   Respondent was tried and convicted before the police court of the city of Detroit for using and operating, upon the public highways of said city, a motor vehicle, to wit, a motor cycle, without displaying thereon a registration seal, and on the rear thereof a number, as provided by Act No. 196, Pub. Acts 1905.   He appealed from such conviction to the recorder's court of the city of Detroit, where, upon a jury trial, he was convicted.   From this conviction he has brought the case to this court upon a writ of error.

It is urged that the court erred in holding that a motor cycle was, within the contemplation of the act relied upon, a motor vehicle.   This is the only question presented.   This act is entitled:

"An act to provide for the registration and identifica-

tion of motor vehicles, the registration of chauffeurs, to regulate the use of motor vehicles and the use of public highways by such vehicles and persons passing such vehicles, and to provide penalties for the violation thereof."

Section 1 of the act begins with the following definition:

" The term and words ' motor vehicles,' used in this act, shall be construed to mean all vehicles propelled by power, other than muscular power, except traction engines and such motor vehicles as run only upon rails or tracks."

For the present, at least, no further quotation need be made from this statute, which provides for the registration, identification, and regulation of these vehicles, operated or used upon the streets or highways of the State. It is not contended by respondent that a motor cycle is not a vehicle; and, in view of the decisions of this court, such contention could not be successfully maintained. *Myers* v. *Hinds*, 110 Mich. 300 (33 L. R. A. 356). Respondent's contention is, as we understand it, that it is apparent from this statute that the legislature did not have in contemplation motor cycles; that from their size and construction the requirements of the statute are not applicable, particularly in the size and location of the registered number and lamps. If a bicycle is a vehicle, as determined in *Myers* v. *Hinds*, supra, then a motor cycle is included in the statutory definition. The distinction between bicycles and motor cycles is that one is propelled by muscular and the other by mechanical power. This court, in *Murfin* v. *Plank-Road Co.*, 113 Mich. 675 (38 L. R. A. 198) (a case where the defendant sought to take toll from plaintiff, who was riding a bicyle), made this distinction clear, holding that the bicycle was not within the toll road statute. In the course of that opinion the court said:

" If this question arose with reference to a four-wheeled vehicle propelled by steam or electricity, there would probably be little doubt of the right to charge and collect toll. * * * The use of two wheels instead of four, if propelled by a motor, as they are liable any day to be, would

hardly suffice to distinguish them from the heavier and more cumbersome vehicle; and we hesitate to say that the courts could with propriety hold a motor cycle could escape tolls under this statute, notwithstanding the fact that only vehicles drawn by animals are mentioned in the act. We think, however, that a distinction may be made between vehicles propelled by man and those depending upon animal power or mechanical motors for propulsion, and that this would not do violence to the act, which has always been construed to permit the use of highways by persons who did not depend upon some means of conveyance besides their own powers of locomotion."

It seems clear to us that a motor cycle is a motor vehicle, and has been so defined by this court. By what process of reasoning may we exempt it from the statutory regulations which include "all vehicles propelled by power other than muscular power?" It is argued that from its size and conformation the legislature could not have intended that lamps and large numbers should be placed upon it. This motor vehicle, although not a large machine, can easily run at the rate of 40 miles an hour, and the danger of injury from it to pedestrians and others differs only in degree from that presented by the larger motor vehicles. All of the reasons which would induce and require the legislature to regulate automobiles apply to the regulation of motor cycles. The court is satisfied that they are motor vehicles within the contemplation of this act, and subject to its provisions.

The conviction is affirmed.

BLAIR, C. J., and OSTRANDER, MOORE, and BROOKE, JJ., concurred.