(109 So. 767)

No. 27501.

## LAPORTE v. NORTH AMERICAN ACC. INS. CO.

(May 31, 1926.     Rehearing Denied Oct. 5, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Insurance** ⬤≈451(1).

Policy covering accidents to insured "while walking or standing on public highway" *held* not to indemnify insured, where he was run over after being thrown from motorcycle.

2. **Insurance** ⬤≈452—Policy covering accidents in which insured was thrown from "motor-driven car" held not to cover injury, where he was thrown from motorcycle (Rev. Civ. Code, arts. 13, 14).

Insurer under policy covering accidents in which insured was thrown from "horse-drawn vehicle or motor-driven car in which" he was riding *held* not liable, where he was thrown from motorcycle. in view of restrictive liability stated in policy and Rev. Civ. Code, arts. 13, 14, since policy is special law of case, and motorcycle is not "motor-driven car."

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by Mrs. Emily M. Laporte, widow of Albert Major, against the North American Accident Insurance Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Titche, Kiam & Titche, of New Orleans, for appellant.

Dart & Dart, Louis C. Guidry, and Robert Ewing, Jr., all of New Orleans, for appellee.

LAND, J. The widow of Albert Major, administering his estate in the capacity of natural tutrix of her minor children, has instituted this suit on an accident policy of insurance issued to decedent by the North American Accident Insurance Company.

While said policy was in force, the insured was thrown from a motorcycle, knocked down, and run over by a Ford automobile at the corner of Prytania and St. Andrew streets in the city of New Orleans, and died later at the Touro Infirmary in said city.

The sole defense urged by defendant company is that the accident was not covered by the policy, as a motorcycle is not such a motor-driven car as is covered by the policy issued herein.

Under part 1 of the policy, an indemnity of $1,000 is provided in case of loss of life. Plaintiff demands double that sum as a penalty for failure on the part of defendant company to make settlement within six months after proof of death, and, in the alternative, double the amount of insurance ; i. e., the sum of $500, under part 2 of the policy, providing for loss of life "by being struck or knocked down or run over, *while walking or standing on a public highway*, by a vehicle propelled by steam, cable, electricity, naptha, gasoline, horse. compressed air. or liquid power."

From a judgment rejecting her demands, plaintiff has appealed.

1. It is admitted in the stipulation as to the facts "that at the time of the accident the said Albert Major *was riding on what is known as a motorcycle*, and he was by said Ford automobile thrown therefrom, knocked down, run over, and killed."

[1] As the provisions of part 2 of the policy apply to loss of life occasioned only by accidents happening to the insured *"while walking* or standing on a public highway," it

is clear that the dismissal of plaintiff's suit as to the alternative demand is correct.

While part 2 of the policy limits the right of the estate of the insured to recover for accidents to one who is "standing or walking on a public highway," there is little or no restriction as to the kind of vehicle by which the insured may be struck or knocked down or run over; it being immaterial whether he is killed "by a vehicle propelled by steam, cable, electricity, naptha, gasoline, horse, compressed air, or liquid power."

[2] While it is manifest that the heirs of the insured, under part 2 of the policy, might recover for the loss of his life had he been killed while "standing or walking on a public highway" by being struck, knocked down, or run over by a motorcycle, yet recovery can be had, in this particular case, under part 1 of the policy, only "by the wrecking or disablement of any private *horse-drawn vehicle, or motor-driven car, in which* insured is riding or driving, *or by being accidentally thrown from such vehicle or car.*"

It is admitted in the statement of facts that deceased was riding on a motorcycle at the time of the accident, and "that by motorcycle is meant a two-wheeled, motor-driven *machine,* substantially as shown by the cut marked Exhibit 1, except that the motorcycle ridden or driven by decedent, Albert Major, was equipped with a seat at the rear, *upon* which another person could ride, and Mrs. Emily Laporte Major, now widow, often rode *upon* it behind her husband." (Italics ours.)

We fail to see wherein the above admission is of any benefit to plaintiff in this case, as the insured must be killed by being accidentally thrown from "a private *horse-drawn vehicle or motor-driven car," in which* he is riding or driving, in order that recovery may be had. The word "motor-driven *machine*" is not used in the policy at all. It must be conceded that a motorcycle is not "a horse-drawn vehicle"; and while the word "vehicle" is broad enough when used in connection with the word "motor-driven," to include a motorcycle, yet in the policy sued on the word "vehicle" is qualified by and limited to "horse-drawn vehicles." The sole question, therefore, left for decision is whether a motorcycle is a "motor-driven *car" in which* the insured was riding or driving at the time of the accident.

The policy issued in this case is headed with the following statement in large type letters:

"This policy provides indemnity for loss of life, limb, sight or time by accidental means, *as herein limited and provided."* (Italics ours.)

In other words, it is made plain to the public that the policy in question is not one covering accidents generally, but that the liability of the insurance company issuing the same is a restricted one, to be incurred only under the particular circumstances and conditions stated in the policy.

In this case the policy covers an indemnity of $1,000 for loss of life, and is issued to the insured for the term of one year, upon the payment of the small premium of 50 cents. The reason for the limitations contained in the present policy is apparent. It is obvious that one riding on a motorcycle in a public street, which may be congested with automobiles and other vehicles, is wholly exposed to accidents from collisions of all kinds. In the first place, his machine is on a level with the traffic, is supported by only two wheels, and is without protection, either by front or rear bumpers, or by a body in which the motorcyclist may drive or ride.

Because of the unusual risk assumed by those riding upon motorcycles, it is plain that these machines were excluded intentionally from the policy, not in express terms, it is true, but by restricting recovery only to cases of accidents to the insured arising by being thrown from "any private *horse-driven vehicle,* or motor-driven *car, in which* such insur-

ed *is riding or driving*," thereby clearly indicating a motor-driven car with a body, and having more than two wheels as a support, and as a protection to the driver against accidents.

So there is every reason, from the standpoint of risk and liability, why defendant insurance company should exclude motorcycles from its policy, and none whatever to induce it to include such dangerous machines, upon the payment of the negligible sum of 50 cents per year for an indemnity risk of $1,000.

A motorcyclist may ride *upon* his machine, but he cannot ride *in* it.

A motorcycle is not known as a "motor-driven *car*," or as a "motor*car*," in the general and popular sense of that term.

It would be difficult to conceive that a garage owner would send a motorcycle to a customer to ride in when he had ordered a "motorcar."

It would be more difficult to conceive that such customer would accept such a machine as a "motorcar" if sent.

A policy of insurance is a contract between the parties and is the special law of the case as far as they are concerned.

The words of a law are generally to be understood in their most usual signification. R. C. C. art. 14.

Motorcycles are not expressly included within the terms of the policy, nor are they embraced therein by implication. "Motorcar" or "motor-driven car" has a definite and well-understood meaning in the United States.

In the Eleventh Edition of Encyclopædia Brittanica, vol. 18, p. 914, we find the following:

"The term 'motorcar' is one which was primarily employed in America to denote the car or carriage containing the electromotor used for propelling an electric tramcar or train of carriages on rails, but of late years it has been more usually applied in Great Britain to light automobiles or mechanically-propelled carriages running on common roads. On the continent of Europe and in the United States the usual expression for these vehicles is 'automobile'; the term 'autocar' has also been employed."

There is no ambiguity as to the language of the policy. The present case therefore is not one to which should be applied the principle of law that policies of insurance should be liberally construed in favor of the insured and against the insurer.

Courts will not disregard the clear letter of the law under the pretext of pursuing its spirit. R. C. C. art. 13; 14 R. C. L. p. 931.

We have been cited to no case holding, under the terms of the policy now before us, that a motorcycle is a "motor-driven car" or a "motorcar."

It is true that plaintiff has laid before us decisions of the courts of other jurisdictions construing special statutes, and holding that, under those particular statutes, a motorcycle is a motorcar; but, upon analysis, these cases are found to rest upon the definition contained in such statutes, or upon language in them broad enough to include motorcycles, under the terms of "motor-driven vehicles," or some other similar term. We shall not attempt to review all of the cases cited, but shall content ourselves with the following:

In 2 Ruling Case Law, p. 1167, it is stated that:

"The terms motorcar, automobile, motor vehicle, and motorcycle are synonymous."

The case of People v. Smith, 156 Mich. 173, 120 N. W. 581, 21 L. R. A. (N. S.) 41, 16 Ann. Cas. 607, is cited in support of the general rule thus stated.

An examination of the Smith Case discloses that the defendant in that case was convicted for operating a motorcycle in violation of a statute (Pub. Acts Mich., 1905, No. 196), entitled:

"An act to provide for the registration and identification of *motor vehicles*, etc."

Section 1 of this act contains the following definition:

"The term and word 'motor vehicles' * * * shall be construed to mean *all vehicles propelled by power, other than muscular power, except* traction engines and such motor vehicles as run only upon rails or track."

Necessarily, a motorcycle is included in the comprehensive terms of that statute, as it is not found in the exceptions enumerated.

The case of R. v. Div. Justices, [1904] 2 Ir. K. B. 698, cited in note in 21 L. R. A. (N. S.) p. 41, is not authority for holding that a motorcycle is a motorcar. It is true that the note citing this case states that:

"The conviction of the rider of a motorcycle was sustained as a violation of an act punishing the driving of 'a motorcar on a public highway,' * * * at a prohibited speed."

The conviction was sustained, as stated, but the question was not raised as to the exemption of defendant from prosecution on the ground that the act did not include motorcycles.

The points made in the case were that the order and conviction were bad in form, and that there was no evidence to justify a conviction under section 1 of the Motorcar Act of 1903.

In the case of Webster v. Terry, King's Bench Div. Oct. 21, 1913, 1 K. B. 51, reported in Ann. Cas. 1917A, p. 226, the statute specifically defined "motorcar" to mean "a vehicle propelled *by mechanical power*." Motorcycles clearly come within the provisions of that act. No such issue was raised in that case, the only question before the court being whether a motorcycle came within the provisions of an exception to the effect that the regulations should not apply to "any bicycle, tricycle or other machine to which section 85 Local Government Act 188 applies."

In Bonds v. State, 16 Ga. App. 401, 85 S. E. 629, the statute covered "automobiles, locomobiles *and other vehicles and conveyances of like character* propelled by steam, *gas, gasoline,* electricity, *and any power other than muscular power,* upon the public and private roads of the state of Georgia." It is not difficult to see that a motorcycle would come within that statute.

The policy before us, however, is the special law of the case, which we are called upon to interpret, independently of the provisions of other statutes dealing with the regulation of the speed, licensing, and registration of motorcars, automobiles, etc.

For this reason, these and other decisions cited by able counsel for plaintiff are neither persuasive nor applicable to the case at bar.

We are of the opinion, for the reasons assigned, that "motorcycle" is not included in the term "motor-driven car," as used and intended in the policy in this case.

Judgment affirmed.