No. 2871

Second Circuit

COLLINS v. LIFE AND CASUALTY
INSURANCE COMPANY

(May 22, 1928.   Opinion and Decree.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Insurance—Par. 33, 35, 123, 140.**
   Insurance policy providing protection for injuries received in accidents from the wrecking of a horse drawn vehicle or motor driven car or by being thrown therefrom does not cover injuries and death resulting from being shot while riding on a horse.

Appeal from the First Judicial District Court, Parish of Caddo.  Hon. E. P. Mills, Judge.

Action by Lizzie Collins against Life and Casualty Insurance Company.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Edward Barnet, of Shreveport, attorney for plaintiff, appellant.

L. C. Butler, of Shreveport, attorney for defendant, appellee.

WEBB, J.  The plaintiff, Lizzie Collins, as the beneficiary under an accident insurance policy written by the defendant, Life and Casualty Insurance Company of Tennessee, insuring her husband, Jack Collins, filed this suit to recover the amount of the policy for the death of her husband, which is alleged to have occurred by accident, it being alleged that her husband was shot and killed while riding a horse, and she appeals from a judgment sustaining an exception of no cause of action and dismissing her suit.

The policy sued upon provides that the defendant insured Jack Collins against the result of bodily injuries effected solely by external, violent and accidental means, strictly in the manner stated, subject to all the provisions and limitations, which are stated as follows:

"If the insured be struck or knocked down or run over while walking or standing on a public highway by a vehicle propelled by steam, cable * * * power, excluding injuries sustained while on a railroad right of way in violation of any statute or of any regulation of the railroad company.

"Or if the insured shall, by the wrecking of any railroad passenger car or passenger steamship or steamboat, in or on which such insured is travelling as a fare-paying passenger; or, by the wrecking of any public omnibus, street railway car, taxicab, or automobile stage, which is being driven or operated, at the time of such wrecking, by a licensed driver plying for public hire, and in which such insured is travelling as a fare-paying passenger; or by the wrecking of any private horse-drawn vehicle, or motor-driven car in which insured is riding or driving, or, by being accidentally thrown from such vehicle or car, * * *."

And the plaintiff contends that her husband, having been shot and killed while riding on a horse, from which, presumably, he fell, that the defendant is liable.

It is very clear from the above provisions of the policy that the insured was not protected from accidents generally and that the liability of the insurer was restricted to injuries received in the accidents which might occur to the insured as expressed in the policy (Laporte vs. North Ameri-

can Insurance Co., 161 La. 933, 109 So. 767), and we do not think that under the allegations the insured, who was shot to death while riding on a horse, could be said to have been within the protection of the policy which provides for injuries received in accidents from the wrecking of a horse-drawn vehicle or by being thrown therefrom.

The judgment appealed from is therefore affirmed.