257 So.2d 698 (1972)
Janet L. PRESTENBACK
v.
The PRUDENTIAL INSURANCE COMPANY OF AMERICA.
No. 4734.
Court of Appeal of Louisiana, Fourth Circuit.
February 7, 1972.
Butler, Reeves & McCay, Perrin C. Butler, New Orleans, for plaintiff-appellant.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Raymond J. Salassi, Jr., New Orleans, for defendant-appellee.
Before SAMUEL, CHASEZ and GUIDRY, JJ.
SAMUEL, Judge.
Plaintiff's husband was the named insured, and plaintiff was the named beneficiary, under a life insurance policy issued by the defendant. Following the insured's accidental death defendant paid plaintiff benefits under the policy totaling $35,000. However, defendant refused to pay an additional $5,000 under a "Non-occupational Vehicle Accident Death Benefit" included in the policy. This suit was filed solely for the purpose of collecting that $5,000 benefit. After trial there was judgment in favor of the defendant and against the plaintiff, dismissing the latter's suit at her cost. Plaintiff has appealed.
All of the facts were stipulated. Plaintiff's husband died an accidental death from a crushing injury to the chest and a traumatic amputation of the left leg sustained as a result of being struck by an automobile while he was operating a borrowed motorcycle. The two-wheeled motorcycle did not have a side-car although it was equipped with a "buddy-seat" on which a passenger could ride.
Plaintiff now bases her claim solely on clause (b) of the "Non-occupational Vehicle *699 Accidental Death Benefit". The pertinent part of that provision of the policy reads as follows:
"If an Accidental Death Benefit is payable, as specified in the Accidental Death Benefit provisions, by reason of the death of the Insured or the insured's wife, . . . and if the required due proof shows that the injury resulting in the accidental death was sustained by such person . . . (b) as a result of being struck by a motor vehicle while not himself or herself driving or riding in a motor vehicle, . . . the Company will pay, in addition to all other benefits provided by the policy, a Non-occupational Vehicle Accident Death Benefit. . . ."
In the context of the wording used in the above quoted provision, as the death of the insured in this case was "a result of being struck by" an automobile, clearly a "motor vehicle", plaintiff is entitled to the benefit in suit if at the time of the accident the insured was not "driving or riding in a motor vehicle". Plaintiff concedes a motorcycle is a "motor vehicle".[1] However, she contends the preposition "in" modifies both "driving" and "riding". Citing Laporte v. North American Acc. Ins. Co., 161 La. 933, 109 So. 767, her counsel argue one does not "drive in" or "ride in" a motorcycle, at least, as here, in the absence of a side-car, and therefore the exclusion either is not applicable or is sufficiently ambiguous as to require an interpretation in favor of plaintiff and against the insurer defendant. We do not agree with the contention and argument. We also find Laporte, is inapposite because that case, which was concerned with whether or not "motorcycle" is included in the term "motor-driven car" as used and intended in an insurance policy, is cited for the proposition that a motorcyclist may ride upon his machine, but he cannot ride in it, and our conclusion is that this point is immaterial here.
A policy of insurance, like other legal contracts, becomes the law as between the parties[2] and "The words of a contract are to be understood, like those of a law, in the common and usual signification, without attending so much to grammatical rules, as to general and popular use".[3]
It appears to us that the quoted wording of clause (b) is clear and unambiguous. As generally used, one simply "drives", and does not "drive in", a motor vehicle; but one does "ride in" a motor vehicle. As used here "drive or ride in" is disjunctive. The preposition "in" modifies only "ride", the immediately preceding word, and does not modify the word "drive". Thus, where the death of the insured was sustained as a result of being struck by a motor vehicle, there can be no recovery under the Accidental Death Benefit provision in suit in either of two instances: (1) while he was driving a motor vehicle; or (2) while he was riding in a motor vehicle. The fact that the insured in this case was killed while he was operating or driving (the words here are synonymous) is sufficient by itself to prevent recovery and and a consideration of the argument relative to whether or not it is possible to "ride in" a motorcycle without a side-car is immaterial and unnecessary.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
NOTES
[1] See LSA-R.S. 32:1(26) and 32:401(6).
[2] LSA-C.C. Arts. 1901 and 1945; Rogillio v. Cazedessus, 241 La. 186, 127 So.2d 734; Albritton v. Fireman's Fund Ins. Co., 224 La. 522, 70 So.2d 111; Matthews v. Standard Life Insurance Company, La.App., 213 So.2d 128; Anderson v. Transamerica Insurance Company, La.App., 191 So.2d 758.
[3] LSA-C.C. Art. 1946.