405 So.2d 664 (1981)
Gerald P. AURILLO
v.
Tom GRESSAFFA, George Barrilleaux, American Defender Insurance Company, XYZ, ABC DEF Insurance Companies.
No. 12056.
Court of Appeal of Louisiana, Fourth Circuit.
October 13, 1981.
Rehearings Denied November 20, 1981.
Gerald P. Aurillo, in pro. per.
William J. Manion, Thomas B. Wheeler, Metairie, for Tom Gressaffa defendant-appellee.
William M. Detweiler, New Orleans, for George Barrilleaux defendant-appellee.
Benjamin B. Saunders, Davis, Saunders, Miller & Rizzo, Metairie, for American Defender Insurance Co., defendant-appellee.
*665 Before BOUTALL, CHEHARDY and KLIEBERT, JJ.
BOUTALL, Judge.
Gerald P. Aurillo brought suit against two insurance agents and a life insurance company alleging misrepresentations were made by the agents pertaining to the cash surrender value of a life insurance policy. Plaintiff alleges that these misrepresentations were the basis for his acquiring the policy. From a judgment dismissing plaintiff's suit, plaintiff appeals.
The relevant facts are that in November of 1973, Aurillo consulted with his accountant Charles Lacoste, Jr., who advised Aurillo that a life insurance policy would be in Aurillo's best interest. Aurillo then contacted George J. Barrilleaux in order to obtain a $250,000.00 whole life insurance policy. Aurillo wanted a policy which would cover him immediately, but which he would not have to pay for until a few years later. He could not afford to pay the yearly premium required at the time, but he expected that within several years he would have enough income to do so. He also expected that he would have the necessary funds to pay back any money borrowed which was used to pay the premiums. Barrilleaux said that he did not offer such a policy, but that he knew someone who did. Barrilleaux contacted Tom Gressaffa of American Defender Life Insurance Company. Gressaffa stated that his company offered such an insurance policy to young professionals and that Aurillo would qualify because he was an attorney. Barrilleaux was an agent of American Defender, but at that time he was not writing any policies for that insurance company. The plan was that Gressaffa and Barrilleaux would help him to obtain a loan from a bank to pay the first three years premiums. Aurillo testified that the agents stated that the cash surrender value of the policy after three years would be large enough to pay off the entirety of the loans except for any interest charges. In effect, Aurillo believed that if after three years he decided to cash in his policy, the entirety of the loans, except for any interest charges, would be set off by the cash value of the policy.
Although there is some confusion regarding the financing of the loans made by First-Citizens Bank and Trust Company of Raleigh, North Carolina, the record indicates that Aurillo received a loan to pay the first year's premium of $5,430.00 and Barrilleaux paid the interest charges. One year later, Aurillo refinanced the loan by issuing a promissory note for $11,837.40 adding the second year's premium and interest charges. In the third year Aurillo received an entirely separate loan in order to pay for that year's premium and interest charges.
Aurillo turned in his life insurance policy after three years fully expecting that its cash value would pay off the entirety of the loans, except the interest charges. He did so without ever reading the policy or determining its cash surrender value. The actual cash surrender value of the policy after three years was $9,205.00. Applying this amount against the amount he owed to the bank, Aurillo was still indebted to the bank in the amount of $8,544.32. Plaintiff paid the bank and now seeks reimbursement from the agents and/or American Defender.
At trial, Aurillo and his two witnesses testified that the agents stated that the cash surrender value would equal the amount of premiums to be paid after the third year. The agents testified that the cash surrender value at the end of the first year would be zero and that it would increase as the years went by, but that it would not equal the amount of the premiums after three years. The trial judge was convinced that it was Aurillo's understanding that the cash value of the policy would equal the loan value at the end of three years. However, the judge believed that such an understanding would be unrealistic and that Aurillo failed to meet his responsibility of reading and knowing the contents of the insurance policy; accordingly, plaintiff's suit was dismissed at his costs.
The jurisprudence is well settled in holding that an insurance policy serves as the *666 law between the parties.[1] We recite the above because the trial judge was faced with a credibility call in determining whether to believe the plaintiff or the defendant agents, which he resolved in favor of the plaintiff. The record discloses ample basis to conclude that Gressaffa did make the misrepresentations alleged involving the cash surrender value of the policy. Gressaffa's statements were made either with the intent to defraud or negligently or possibly even recklessly without regard as to the true provisions of the policy that he was selling. Gressaffa was solely responsible for these misrepresentations because Barrilleaux was not familiar with the particular policy that Gressaffa was selling. The insurance company did not in any way give Gressaffa the authority to make such representations as to the value of the policy and is therefore not in any way responsible. We believe that Gressaffa acted for purely personal reasons and that he acted entirely extraneously to the insurance company's interest. The record discloses that Gressaffa's license to sell insurance was revoked in May of 1976, and that at the time of trial there were at least seven claims made against Gressaffa by various insurance companies claiming fraud and other illegalities.
We agree with the trial judge in this credibility determination; however, we believe that the trial judge was in error when he in effect stated that the representations made were irrelevant. This court believes that Gressaffa had a duty to inform Aurillo that the cash surrender value of the policy would not pay the premiums after the third year. Aurillo acquired the policy based upon Gressaffa's representations as to its value; accordingly, the misrepresentations made were material and therefore violated the duty of the agent to inform the insured that the policy requested was not the policy obtained. We refer to the case of Cambre v. The Travelers Indemnity Co. et al., 404 So.2d 511 (La.App. 4th Cir. 1981) wherein, the court held that an insurance agent had the duty to inform the insured regarding any differences between the policy obtained and the policy requested. In that case, the insured requested an "all risks" policy on his boat, but was only able to receive a "named risk" policy. The agent was therefore under the duty to advise the insured that the coverage requested was different from the coverage received.
There was also considerable argument made to the effect that when a person signs a written agreement, he is presumed to know its contents and cannot avoid its terms and conditions by claiming that he did not read the agreement. Although the jurisprudence supports such a statement, it should be noted that when a person requests coverage from an insurance company, he only signs the application and not the policy itself. The insurance company is the only party that actually signs the policy. Gressaffa had the duty not to mislead Aurillo regarding the policy value because Aurillo did not have the policy at the time he signed the application. Because Gressaffa did mislead Aurillo as to the value of the policy, this court finds that Aurillo's claim is not defeated by failure to read the policy or determine its cash surrender value. Gressaffa therefore is responsible to the plaintiff for $7,085.00, which is the difference between the sum of the three premium payments and the cash value of the policy, but does not include the interest charges for the loans.
For the above reasons, the judgment appealed from is reversed in part and there is now judgment in favor of Gerald P. Aurillo against Tommy F. Gressaffa in the sum of $7,085.00 with legal interest from date of judicial demand until paid. The judgment in favor of American Defender Life Insurance Company and George J. Barrilleaux is affirmed.
REVERSED IN PART.
AFFIRMED IN PART.
NOTES
[1] LSA-C.C. Arts 1901 and 1945; Rogillio v. Cazedessus, 241 La. 186, 127 So.2d 734 (1961); Prestenback v. Prudential Insurance Company of America, 257 So.2d 698 (La.App. 4th Cir. 1972); Labbe v. Mt. Beacon Insurance Company, 221 So.2d 354 (La.App. 4th Cir. 1969).