DANIEL SZABADOS *vs.* WILLIAM CHATLOS ET AL.

MALTBIE, C. J., HAINES, BANKS, AVERY and JENNINGS, Js.

Argued February 5th—decided March 5th, 1935.

*Philip Reich,* with whom, on the brief, was *Samuel Reich,* for the appellant (plaintiff).

*Frank L. Wilder,* for the appellee (defendant Chatlos).

*Raymond E. Baldwin,* for the appellee (defendant Auerbach).

AVERY, J. The plaintiff brought this action claiming in his complaint that on January 4th, 1933, he was riding as a passenger in an automobile, operated by the defendant Chatlos, which was proceeding westerly along the Boston Post Road in the town of Westport, and it came into collision with an automobile proceeding easterly, operated by the defendant Auerbach, whereby the plaintiff was injured. He claimed that his injuries were caused by the heedless and reckless operation of the automobile in which he was riding, and by the negligent operation of the automobile driven by Auerbach. The complaint was so framed as to charge the defendant Chatlos with heedlessness or reckless disregard of the plaintiff's rights under the so-called guest statute, General Statutes, § 1628, in case it should be found that the plaintiff was a guest within the purview of the statute; and also as to allege negligence at common law in case it should be found that he was not a guest. At the close of the evidence, the court directed a verdict for both defendants. The plaintiff moved to set this verdict aside and, from a denial of his motion, appeals. This procedure is in accordance with the rules, Practice Book, § 340, and the question presented is whether or not the verdict should have been directed. If, therefore, there was evidence before the jury from which, as reasonable men, they could have concluded that the defendants,

or either of them, were liable, the plaintiff must prevail upon this appeal.

From the evidence certified, these facts might reasonably have been found by the jury: The plaintiff was a tool and die maker and lived at 1418 Stratford Avenue, Stratford. The defendant Chatlos lived directly across the street and dealt in used automobiles. On the evening of January 3d, 1933, the plaintiff was requested by Chatlos to repair a hydraulic jack, and took it from the latter's place of business to his own home for the purpose of repairing it. He there took it apart and found that it required a leather washer upon the piston. He advised Chatlos of the part required to effect the repair and that he thought the part could be obtained at the City Auto Company on Courtland Street in Bridgeport. The plaintiff offered to accompany Chatlos when the latter was going to town to see if the washer could be obtained from the City Auto Company. The next morning, Chatlos informed the plaintiff by telephone that he was going to town. As the plaintiff, carrying the piston in his hand, entered the car, Chatlos informed him that he had business in Norwalk and would go there first, and stop at the City Auto Company upon his return. Thereupon they proceeded in the direction of Norwalk, Chatlos driving. On the Boston Post Road in Westport near Buckley's Bridge, a collision occurred with a car driven by defendant Auerbach, who was proceeding in the opposite direction, whereby the plaintiff was injured. The highway is thirty-six feet wide, constructed of four lanes of concrete each nine feet in width and running substantially east and west. The road at this point was covered with what appeared to be a condensation of fog which had frozen, leaving a thin coating of ice in places upon the concrete. As the two cars approached one another, Chatlos first

saw a car skidding, and later saw the Auerbach car which appeared to be in trouble. Chatlos was driving with his wheels astride the first and second lanes on his own right-hand side of the highway. He applied his brakes; his car skidded across the center line of the highway, and collided with the Auerbach car. Both had been proceeding at a speed of about thirty miles an hour. At all times, Auerbach was on his own right-hand side of the center of the highway.

Upon this state of the evidence, a question of fact was presented whether the plaintiff was riding as a guest in the Chatlos car or whether he was at that time riding upon business for the benefit of Chatlos which would remove him from the operation of the guest statute. The jury might reasonably have found that the presence of the plaintiff in the car arose out of a contractual relationship between the parties, and was the result of and incidental thereto and directed toward the accomplishment of its purpose and was, therefore, for the mutual benefit of the plaintiff and the defendant. If they had so found, the reasonable conclusion would be that the plaintiff was not a guest in the automobile. *Bradley* v. *Clarke,* 118 Conn. 641, 644, 174 Atl. 72; *Gage* v. *Chapin Motors, Inc.,* 115 Conn. 546, 550, 162 Atl. 17; *Jackson* v. *Queen,* 257 Mass. 515, 154 N. E. 78, 79; *Lyttle* v. *Monto,* 248 Mass. 340, 142 N. E. 795, 796. If they found that the plaintiff was not a guest, it was a question of fact for the jury's determination whether or not Chatlos was negligent and failed to use ordinary care for the plaintiff's protection under all the circumstances, taking into consideration the evidence as to the speed at which he was traveling, the icy condition of the road, the traffic thereon, the application of the brakes and the skidding of the car thereafter

With respect to the defendant Auerbach, the evi-

dence is that he was proceeding westerly upon his own proper side of the road and shortly before the accident his car was observed to be in trouble. The speed was about thirty miles an hour. At no time did he cross over to the left of the center; and the Chatlos car skidded over across the center and the collision ensued. It would be a matter of mere speculation as to whether the speed of the Auerbach car operated in any respect as a cause of the collision, and there was no basis in the evidence to support a claim that he was negligent in any other respect. It follows that the court did not err in directing a verdict in favor of the defendant Auerbach, but that the plaintiff was entitled to have the jury pass upon the case as against the defendant Chatlos.

There is error in part and a new trial is ordered as against the defendant Chatlos.

In this opinion the other judges concurred.