EDNA KENYON *vs.* WALTER H. GOODRICH AND COMPANY, INC., ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 4th—decided November 5th, 1935.

*Julius B. Schatz,* with whom was *Arthur D. Weinstein,* for the appellant (plaintiff).

*Joseph F. Berry,* with whom was *Edward S. Pomeranz,* and, on the brief, *George Miske,* for the appellees (defendants).

MALTBIE, C. J.  This is an appeal from the denial by the trial court of a motion to set aside a verdict for the defendants which it had directed.  The plaintiff was driving an automobile northerly on the main highway between New Haven and Hartford in the nighttime.  She was proceeding upon her right side of the center line of the highway with the right wheels of the car near the east edge of the hardened pavement.  The left rear side of her car was struck by a truck proceeding in the opposite direction.  Thereafter, as a result of this impact, her car swerved across the highway and came into collision with a trailer-truck owned by one of the defendants and driven by the other.  This truck had been following the one which struck the plaintiff's car, proceeding in a southerly direction upon its own right side of the highway. At the moment of collision its wheels were upon the west shoulder of the highway or nearly so.  It stopped at the point of collision.  There was no evidence as to the speed of the truck.  If the defendants were to be held liable it could only be because, after the defendant driver perceived or should have perceived that the plaintiff's car had so changed its course that it was likely to cross over to the westerly side of the

highway, he should in the exercise of reasonable care have done something which would have prevented the collision.

The defendants offered no evidence. Three police officers called by the plaintiff gave testimony on cross-examination as to tire marks they attributed to the plaintiff's car which, if accepted, would indicate that it went not over twenty-seven feet after its course turned from one close to the east edge of the traveled portion of the highway to the place of collision. The plaintiff claims that the jury might reasonably have discredited this testimony and we will assume that to be so. The only witness present at the accident who could testify as to its circumstances, a passenger in and owner of the car driven by the plaintiff, stated that before it was first struck it was proceeding at a speed of twenty-five to thirty miles an hour and that as it crossed the highway it slowed a little, how much he could not say. The plaintiff also offered evidence that there were tire marks indicating that the brakes of the defendants' truck had been applied, extending back some thirty feet from its rear, and that its course had been changed until it was wholly or largely upon the west shoulder of the road. The truck and trailer were testified to be about thirty feet long. If the jury accepted the testimony of the plaintiff's witness they might have placed the point at which the plaintiff's car was first struck as being opposite an oil pit about seventy-five feet southerly of the point of collision with the defendants' truck, and concluded that the plaintiff's car began to swerve to its left at once upon being struck. The tire marks of the truck establish that when it was about sixty feet away from the point of collision the driver perceived the danger from the course the plaintiff's car was taking and tried to avoid it by applying his brakes. Unless the jury were to

assume that the truck was going at a speed materially different from that of the plaintiff's car, the defendant driver must have perceived the danger almost as soon as the car started to swerve.

While there was evidence that the ground to the west of the west shoulder of the highway was substantially level with the highway, there is no evidence that it would have been safe for the defendant to drive the truck upon it, especially in the spring of the year when the collision occurred. The jury could not have reasonably found that much more than two seconds elapsed between the time the plaintiff's car swerved so far to the left that the defendant driver should have appreciated the danger and the moment of collision. They could not reasonably have done otherwise than find that within that space of time the defendant driver, confronted with an emergency, applied his brakes and in a distance of some sixty feet brought the truck to a stop or so nearly so that the collision with the much lighter car stopped it, and that meanwhile the driver swerved the truck so far to the right that it was all or almost all on the shoulder of the road. Upon these facts, without evidence as to the speed of the truck, as to the distance within which it could be stopped or as to the nature of the ground to the west of the highway, the jury could not have reasonably found that the defendant driver was negligent in not exercising reasonable care to avoid the accident after he became or should have become aware of the impending danger.

There is no error.

In this opinion the other judges concurred.