ELI LESSER *v.* THE BRIDGEPORT-CITY TRUST COMPANY.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

60

Argued January 6th—decided March 2d, 1938.

*David R. Lessler,* for the appellant (plaintiff.)

*Richard S. Swain,* with whom, on the brief, was *Martin McKeon,* for the appellee (defendant).

JENNINGS, J. The plaintiff was formerly in possession and claimed to be the owner of twelve bowling alleys and six pool tables and accessories located in a building owned by the defendant as foreclosing mortgagee. The defendant refused to turn these articles over to the plaintiff. On a trial to the jury, a verdict was directed for the plaintiff for the agreed value of the pool tables and accessories and for the defendant on the issue as to the bowling alleys. The plaintiff appeals from the refusal of the court to set aside this verdict on the ground that the latter action was erroneous. The defendant is assignee of the original mortgagee. Both assignor and assignee are hereafter referred to as the defendant.

The parties are agreed as to the issue of law involved in this ruling. If these bowling alleys were a part of the realty as a matter of law, the ruling was correct. If there was evidence to go to the jury on their character as personal property, not covered by the defendant's mortgage, the ruling was erroneous. In testing the correctness of a directed verdict, the evidence must be considered in that aspect most favorable to the plaintiff. *Sedita* v. *Steinberg,* 105 Conn. 1, 5, 134 Atl. 243; *Szabados* v. *Chatlos,* 119 Conn. 537, 538, 177 Atl. 719.

The jury could reasonably have found that in 1927 Tischler and Demas bought a lot on State Street in Bridgeport. There was an old house on the lot. This was torn down. On March 24th, 1927, Tischler and Demas applied to the defendant for a loan of $35,000. The application stated that the building to be erected would be used for two stores and bowling alleys. Plans showing the construction for these purposes were sub-

mitted to the defendant with this application. On June 3d, 1927, the owners gave a construction mortgage of the property to the defendant for $30,000. On July 6th, 1927, they gave a second mortgage to the plaintiff for $13,800. Meanwhile the construction of the building had proceeded according to plan and on July 19th, 1927, the owners purchased twelve bowling alleys and equipment from the Brunswick-Balke-Collender Company for $11,000 on conditional bill of sale. The alleys were designated in the bill of sale as personal property.

The alleys were then installed. They weigh six tons each and rest upon specially prepared foundations, but are fastened to the foundations only by screws, although some of the equipment incidental to them is nailed to the floor. They can be removed without damage to the building but are of comparatively small value under those circumstances. The foundations are, however, so constructed that the space occupied by the alleys is practically useless for any other purpose without substantial reconstruction of the floors.

After the alleys were installed the property was transferred to a corporation and the interest in the alleys as personal property under the bill of sale was transferred to the corporation with the consent of the vendor. On January 25th, 1929, the corporation paid all sums due under the bill of sale. The corporation became indebted to the West Side Bank and its interest in the bowling alleys was transferred to the bank. Payments due under the plaintiff's mortgage were in default and he began foreclosure proceedings. An agreement was then made that the plaintiff would foreclose the mortgage and convey the premises to the Hancock Corporation, a corporation connected with the West Side Bank, which was to give him back a second mortgage. As incident to this mortgage the

plaintiff and the Hancock Corporation entered into an agreement that the latter release any claim it had to remove the alleys from the building and that they should be considered by the parties to the agreement as a part of the realty and not as removable fixtures. Accordingly, there is an agreement in the mortgage that the bowling alleys, pins, balls and any and all fixtures attached to the building now or hereafter are to be a part of the mortgaged premises. Subsequently payments on the mortgage then held by the plaintiff being in arrears he went into possession of the premises. A default occurring in the payment due on the first mortgage held by the defendant herein, it foreclosed, the plaintiff in this action being one of the defendants. After the time set for him to redeem he surrendered the keys of the building to the defendant herein. Five months later he demanded the return of certain equipment in the building, including the alleys, and this was refused. He then brought the present action for conversion.

The character of these alleys as real or personal property should be determined as of the date when they were placed in the building. The defendant was not a party to any of the subsequent transactions. This question has been productive of much litigation and various general principles have been evolved to assist in securing the correct answer. This court has made the following statement of those principles: "It is essential to constitute a fixture that an article should not only be annexed to the freehold, but that it should clearly appear from an inspection of the property itself, taking into consideration the character of the annexation, the nature and the adaptation of the article annexed to the uses and purposes to which that part of the building was appropriated at the time the annexation was made, and the relation of the

party making it to the property in question, that a permanent accession to the freehold was intended to be made by the annexation of the article." *Capen* v. *Peckham,* 35 Conn. 88, 94.

The relationship of the parties is important. Most of these controversies arise between mortgagor and mortgagee (as here) and landlord and tenant. There is a strong tendency as between mortgagor and mortgagee to hold that such articles are a part of the realty whereas, in the case of landlord and tenant or other holder of a limited term, the tendency is the other way. The reason for this rule is that the owner of the equity is presumed to make improvements for the permanent benefit of the property, while a mere tenant is more likely to make them for his personal convenience. *Winslow* v. *Merchants Ins. Co.,* 45 Mass. (4 Met.) 306, 310. The same case, at page 314, is authority for the proposition that where a building is specially adapted to certain uses, the instrumentalities to carry out those purposes are ordinarily considered a part of the realty. Our own cases lay especial stress on the importance of this test. So in *Capen* v. *Peckham,* supra, the windlass went with the building, as did the portable furnace in *Stockwell* v. *Campbell,* 39 Conn. 362, 365, and the lighting fixtures in *Webb* v. *New Haven Theatre Co.,* 87 Conn. 129, 133, 87 Atl. 274. See also *In re John Liddle Cut Stone Co.,* 242 Fed. 691. Reference to the facts recited above will show that, with one exception, the bowling alleys in this case fulfilled every condition from which an intention will be presumed to make personal property a part of the realty. In dealing with them thereafter the acts of the various owners and operators confirmed this intention. The agreement between the plaintiff as second mortgagee and the Hancock Company expressly provided that they should be considered a part

of the realty and the plaintiff freely delivered possession of them to the defendant on demand after foreclosure.

The exception referred to arises because of the execution of the conditional sale contract between the original owners and the vendors of the alleys. This contract designated the alleys as personal property. This is a common and valid procedure under the circumstances disclosed here. The decisive factor in this case, however, is that, such contract being made for the benefit of the seller, when the buyer's obligation to him is discharged, the property reverts to its previous condition. *Planters' Bank* v. *Lummus Cotton Gin Co.*, 132 S. C. 16, 128 S. E. 876, 41 A. L. R. 592, 599, 615. "Conceding that the article annexed retains its chattel character by reason of the agreement, it loses such character as soon as the separate interest of the beneficiary under the agreement is extinguished." 26 C. J. 678. See also *In re Erie Lithograph Co.*, 260 Fed. 490, 491. This follows from the principle that the same property may be real as between the mortgagor and mortgagee and personal as between the mortgagor and vendor. *Grubbs* v. *Hawes*, 173 Ala. 383, 397, 56 So. 227, 232. What the result would have been of a suit between the mortgagee and unpaid vendor, we need not inquire. The mortgage was given on a lot and a building which was to be constructed thereon especially adapted for bowling alleys, and in which the alleys were subsequently installed and operated for several years. The temporary security of the vendor evidenced by its conditional bill of sale has been extinguished by the payment of the debt in full. The situation is the same as if no conditional bill of sale had been given.

The only other matters which call for notice are waiver and pleading. The plaintiff asserts that the

defendant waived any right to claim that the alleys were a part of the realty. The record is barren of any evidence to support this. The first time the defendant was concerned with the alleys was when it took title under foreclosure. At that time it took possession of the alleys along with the rest of the property.

He further claims that the defense that the alleys were part of the realty was an affirmative defense which should have been pleaded as such. The plaintiff's reply admitted that the defendant "obtained title and the right to possession of said premises on or about the 30th day of April, 1935" and that it subsequently entered into possession thereof. These admissions, with the denial of the conversion, were sufficient to put the principal issue before the jury.

The facts are susceptible of but one inference, to wit, that the bowling alleys were a part of the realty at the time of the defendant's foreclosure. There was no question to be submitted to the jury. *Webb* v. *New Haven Theatre Co.*, supra, 135. The direction of the verdict for the defendant on this issue was proper.

There is no error.

In this opinion the other judges concurred.