ELIZABETH MOTT, ADMINISTRATRIX (ESTATE OF GEORGE A. MOTT) *v.* BARNEY HILLMAN ET AL.

MALTBIE, C.J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued April 3—decided April 16, 1947

*John Keogh, Jr.,* with whom, on the brief, were *John Keogh* and *George F. McKendry,* for the appellant (plaintiff).

*John E. McNerney,* with whom was *Francis J. Moran,* for the appellees (defendants).

DICKENSON, J. The sole question in this appeal is whether the trial court was justified in directing a verdict for the defendants because of lack of evidence of negligence on their part.

The facts, which are not disputed, are as follows: A truck being operated by the plaintiff's decedent in an easterly direction on a four-lane highway in the daytime on a dry pavement collided with the defendants' truck which was being driven in the opposite di-

rection. No eyewitnesses to the collision testified, and the plaintiff relied upon the physical situation presented after the collision to sustain her cause of action. The decedent's truck came to rest on the south side of the highway at right angles to it, its rear end off the traveled road, its front end on the south lane and its left front crushed in. The decedent's body lay across the mid-line of the highway. His death from the collision had been instantaneous. No evidence was offered as to the position of the other truck. There were no skid marks on the road. A photograph of the decedent's truck in evidence shows some debris on the south side of the road near it.

The plaintiff's claim is that, as her decedent's truck was on its own side of the road when it came to rest after the collision and as there were no skid marks, the jury reasonably could have found that the truck was to its right of the center line of the highway at the time of impact and that the defendants' truck must, therefore, have been to its left of the center line in violation of the passing statute. General Statutes, Cum. Sup. 1939, § 544e. The plaintiff further claims that the factual situation is the same as that in *LeBlanc* v. *Grillo,* 129 Conn. 378, 28 A.2d 127, and that the decision in that case supports her claim of error in this. We said in that case (p. 383) that the fact that the west panel was devoid of any marks whatsoever, the character, location and extent of damages sustained by each of the cars, their relative positions on the highway and with respect to each other after they had come to rest, the superior weight of the Grillo car and the force generated by its momentum at the speed at which the jury found it to be moving as compared with that of the much lighter

LeBlanc car, which, the jury may have found, was proceeding at a much lower rate of speed, and the presence of the debris upon the east panel would justify a reasonable inference that the Grillo car was to its left of the center of the highway at the time of impact. The recitation of the facts upon which we justified the inference shows the distinction between the two cases. See also *Latham* v. *Hankey*, 117 Conn. 5, 8, 166 A. 400. In the case before us there is no evidence of the position of the defendants' car after the collison or of injury to it, nor any evidence of the weight of the cars or of the speed at which they were traveling. The importance of these elements in arriving at our decision in *LeBlanc* v. *Grillo*, supra, is too obvious to warrant further discussion.

While the direction of a verdict is not favored, it is justified if upon the evidence the jury could not reasonably and legally have reached any other conclusion than that embodied in the verdict as rendered; *Bernardo* v. *Hoffman*, 109 Conn. 158, 159, 145 A. 884; and if, had the verdict been rendered for the other party, the evidence was so weak that it would be proper for the court to set it aside. *Currie* v. *Consolidated Ry. Co.*, 81 Conn. 383, 388, 71 A. 356. We hold that the action of the trial court in directing a verdict in the instant case met these tests.

There is no error.

In this opinion the other judges concurred.