JOHN MIHALEY *v.* GORDON EDWARDS

BALDWIN, DALY, KING, MURPHY and ALCORN, Js.

Argued April 1—decided April 22, 1958

*George W. Ganim,* for the appellant (plaintiff).

*Robert Y. Pelgrift,* for the appellee (defendant).

PER CURIAM. The plaintiff was the owner and operator of an automobile which was in collision, at an intersection, with an ambulance owned by the town of Fairfield and operated at the time by the defendant Edwards. After the impact, the plaintiff's car proceeded a short distance and collided with a stand-

ing vehicle in which the owner, William Dorkin, was seated behind the wheel. The plaintiff brought suit against Edwards only, alleging negligent operation of the ambulance. Edwards set up a defense of contributory negligence upon the part of the plaintiff. Dorkin sued Mihaley and the town of Fairfield in another action but did not join Edwards as a party defendant. The cases were tried together. The jury returned a verdict for Mihaley against Edwards and one for Dorkin against Mihaley. The court directed a verdict for the town upon the ground, according to the briefs of both counsel, of governmental immunity. Mihaley did not move to set aside the verdict against him, though Edwards, in the present case, filed a motion to set aside the verdict in Mihaley's favor which the court granted. It held the verdicts to be inconsistent.

The action of the trial court upon a motion to set aside a verdict is entitled to full support unless it abused its discretion. *Allen* v. *Giuliano,* 144 Conn. 573, 578, 135 A.2d 904; *Brower* v. *Perkins,* 135 Conn. 675, 681, 68 A.2d 146. Under the unusual facts in this case and in the absence of any assignment of error attacking the finding that no claim was made that Mihaley's conduct after the first collision was negligent, we cannot hold that the court abused its broad discretion.

There is no error.