SALVATORE NUZZO ET AL. *v.* THE CONNECTICUT STEEL
COMPANY

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued May 5—decided May 31, 1960

*Dennis N. Garvey,* with whom were *Arthur B.
O'Keefe* and *John W. Colleran,* for the appellants
(plaintiffs).

*John E. McNerney,* with whom, on the brief, were
*Francis J. Moran* and *Albert R. Moquet,* for the
appellee (defendant).

MURPHY, J. The plaintiffs have appealed from the
denial of their motions to set aside a directed verdict

for the defendant and for a new trial. The motion for a new trial is superfluous and will be disregarded. The issue for determination is whether the trial court abused its discretion in the action it took upon the motion to set aside the verdict. *Mihaley* v. *Edwards,* 145 Conn. 727, 728, 141 A.2d 243.

The named plaintiff, hereinafter called the plaintiff, claimed to have been injured on April 15, 1955, when the steel framework of a building in Hamden on which he was installing a roof collapsed. He was an employee of the roofing subcontractor, the coplaintiff. The defendant, also a subcontractor, had erected the framework. Steel trusses extended from a center girder to each side wall of the one-story cement block structure which was the last of a group of stores comprising a shopping center. The trusses were set about two feet apart, and each was temporarily attached to the center girder by a single bolt. Each rested, at the other end, on a steel plate atop a side wall. A cross brace was placed between each pair of trusses to bridge them. Two additional cross braces were needed to ensure the stability of the trusses but had not been installed. The trusses were to be welded to the center girder. The framework without the permanent attachments was shaky and unstable as well as unsafe to walk on or to place loads on. The plaintiff's employer caused several bundles of sheet steel decking for the roof to be hoisted by crane onto the trusses. They were placed at different spots to distribute the weight. The plaintiff was on the trusses guiding the bundles into place when the trusses collapsed. He and the sheet steel fell twenty feet to the cement floor. He sued to recover for his injuries, alleging negligence by the defendant in erecting the steel framework in an improper and defective manner. At the con-

clusion of the plaintiff's evidence, the defendant rested and moved for a directed verdict. The court granted the motion.

We test the reasonableness of the court's action in the light of the evidence most favorable to the plaintiff. *Lurier* v. *Danbury Bus Corporation,* 144 Conn. 544, 547, 135 A.2d 597. Upon this basis, we are satisfied that from the direct evidence and the reasonable inferences to be drawn from it sufficient facts were available to require the submission of the question of the defendant's negligence to the jury. The evidence that the defendant had not securely bridged the trusses, as it had on the other stores in the center, before the heavy loads of steel decking were hoisted onto the trusses would be of particular significance in the evaluation of the defendant's conduct. The issues of fact should have been decided by the jury and not by the court. *Ardoline* v. *Keegan,* 140 Conn. 552, 555, 102 A.2d 352. The court should not have directed the verdict. Having done so, it was in error in denying the motion to set the verdict aside.

This disposition of the case renders it unnecessary for us to review the action of the court in denying the plaintiff's motion to introduce additional evidence on the question of liability, or for us to determine, upon the conflicting assertions, whether the plaintiff had formally rested. He at least had not introduced his medical evidence when the court indicated that it did not feel that his case contained the elements necessary to invoke the doctrine of res ipsa loquitur. Whether the doctrine was applicable we need not decide. Under the rule enunciated in *Mann* v. *Leake & Nelson Co.,* 132 Conn. 251, 254, 43 A.2d 461, an independent contractor is liable for any losses resulting from negligence in the per-

formance of his work until such time as it has been completed, turned over to and accepted by the owner. In this case, it appears that the defendant had not completed its work, since additional cross bracing and welding remained to be done. See *Lewis* v. *I. M. Shapiro Co.,* 132 Conn. 342, 346, 44 A.2d 124. The record and transcript indicate that prolonged discussions in chambers took valuable time which should have been devoted to the actual trial in the courtroom. The case was pretried in March, 1958. The trial started May 7, 1959. If the discussions in chambers had not been allowed, the case would in all probability have been concluded by the undirected verdict of the jury. The purpose of pretrial is defeated by such chamber conferences as took place here. Practice Book § 144. Much of the confusion which characterized this trial seems to have been a direct result of these chamber sessions.

There is error, the judgment is set aside and the case is remanded with direction to grant the motion to set the verdict aside.

In this opinion the other judges concurred.