WAYNE SANTOR ET AL. *v.* LUCILLE E. BALNIS ET AL.

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued October 4, 1963—decided March 3, 1964

*Sanford J. Plepler,* with whom was *Herbert A. Lane,* for the appellants (plaintiffs).

*Arthur D. Weinstein,* with whom, on the brief, was *Julius B. Schatz,* for the appellees (defendants).

COMLEY, J. The named plaintiff is a fourteen-year-old boy, who brought this action to recover damages for personal injuries suffered by him when the bicycle which he was riding collided with an automobile driven by the named defendant. At the conclusion of the testimony, the trial court directed a verdict for the defendants, and from the judgment rendered thereon the plaintiffs have appealed to this court.

Directed verdicts are not favored and should be granted only when the jury could not reasonably and legally reach any other conclusion. *Bader* v. *United Orthodox Synagogue,* 148 Conn. 449, 455, 172 A.2d 192; *Lurier* v. *Danbury Bus Corporation,* 144 Conn. 544, 546, 135 A.2d 597. We must review the action of the trial court in the light of the evidence most favorable to the plaintiffs. *Nuzzo* v. *Connecticut Steel Co.,* 147 Conn. 398, 400, 161 A.2d 791.

When so examined, the record indicates that the jury might have found the following facts. About noon on a bright, clear day, the named defendant, hereinafter called the defendant, was driving north on Ash Street in Willimantic, approaching the intersection of Natchaug Street. In this direction Ash Street is on an upgrade. Ash Street is twenty-eight to thirty feet wide, and Natchaug Street is about sixty feet wide. The defendant's car was in second gear, and its speed was from twenty to twenty-five miles per hour. At the same time, the boy was riding his bicycle in a southerly direction on Ash Street, going downhill. As he reached the intersection, he made a left turn into Natchaug Street and was struck by the defendant's car. When the defendant first saw the bicycle, it was on the extreme right-hand side of the southbound lane. Although the defendant claimed that the boy sud-

denly veered to his left, there was evidence that he made a wide and gradual turn. And although the defendant claimed at one point in her testimony that her vision of the boy was obscured by a passing car, she said on other occasions that her vision was not obscured and that she knew of no reason why she did not see the boy turning to his left into the path of her car.

It is our opinion that, upon all the evidence and the reasonable inferences to be drawn therefrom, the claims of negligence made by the plaintiffs, especially those relating to lookout and control, raised issues of fact which should have been left to the decision of the jury. It must be borne in mind that the boy was fourteen years of age. We have said concerning the duty owed by the operator of a motor vehicle to children riding on bicycles: "In overtaking this bicycle the defendant was bound to bear in mind the characteristics of young children in respect to their nonappreciation of danger, and reasonable care on his part under the circumstances required greater care to avoid injury to them than if they were adults better able to help themselves." *Johnson* v. *Shattuck,* 125 Conn. 60, 64, 3 A.2d 229.

The special defense of contributory negligence also presented an issue of fact which should have been left to the jury. Even though the boy may have violated his statutory duty to give a signal of his intention to make a left turn, that violation would not be negligence per se in the case of a minor under sixteen years of age, as it would be in the case of an adult. General Statutes § 52-217. The boy was entitled to have the jury measure his conduct by that reasonably to be expected of children of similar age, judgment and experience. *Greene* v. *DiFazio,* 148 Conn. 419, 424, 171 A.2d 411. In view

of the testimony that the boy made a wide and gradual turn across the street and into the intersection and that he was always in plain view of the oncoming defendant, we cannot say that his conduct was so manifestly contrary to that reasonably to be expected of a child of similar age, judgment and experience that the mind of a fair and reasonable person could reach but one conclusion. *Greene* v. *DiFazio,* supra, 425.

This case illustrates the unfortunate consequences of an erroneously directed verdict. We must now subject the parties and the judicial system to the burdens of a new trial. Had the trial court followed the preferred procedure and submitted the issues to the jury, a new trial would not now be necessary even though a verdict for the plaintiff had been erroneously set aside, for we could, in that event, simply direct that the verdict be reinstated. See *Labbee* v. *Anderson,* 149 Conn. 58, 60, 175 A.2d 370; *Lurier* v. *Danbury Bus Corporation,* supra.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.