MARY ENGENGRO *v.* THE NEW HAVEN GAS COMPANY

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

514

Argued January 6—decided March 25, 1965

John H. Peck, with whom was Joseph Pellegrino, for the appellant (plaintiff).

William R. Murphy, with whom was Kimberly B. Cheney, for the appellee (defendant).

SHANNON, J. At the close of the plaintiff's case, the Court of Common Pleas directed that a verdict be returned for the defendant on all issues. The sole assignment of error attacks the denial of the plaintiff's motion to set aside the directed verdict.

The basic facts surrounding the plaintiff's claim are not in dispute. For several years prior to and on the date of the accident, plaintiff had been employed in the kitchen of Hamden High School. Each morning she had the duty of lighting the stoves and ovens, all of which were heated by gas supplied by the defendant. On the morning of March 24, 1961, the plaintiff was injured when the baker's oven exploded. Plaintiff testified that she could not remember whether she had turned on the gas

leading to the oven's pilot light when she went to ignite it. Although the gas company did not normally service "house pipes" leading from its meter to appliances, the company did service its own lines to the meter and had been servicing other gas appliances in the high school kitchen. On the day before the accident and also four days before the accident, gas company repairmen had been in the kitchen to service the dishwasher and the roasting oven immediately adjacent to the baker's oven. There was testimony that an odor of gas had been present in the kitchen for some time and that the company's repairmen had been so informed. This odor was particularly noticeable in the stove area. The situation was potentially dangerous, and the degree of care to be exercised had to be proportionate to the danger. *Floyd* v. *Fruit Industries, Inc.*, 144 Conn. 659, 664, 136 A.2d 918; *Knowles* v. *Crampton*, 55 Conn. 336, 344, 11 A. 593. The defendant's repairmen, while on the premises to repair other appliances, were told that the odor of gas came from an unknown source. Although they serviced some of the appliances, they did not examine the baker's oven. Under the circumstances, the jury could find that a thorough examination should have been made of all appliances and that the failure to make one, if that was the case, could be found to be negligence. The gas company's service supervisor was called as a witness for the plaintiff and testified as to a series of tests which had been made on the morning of the explosion, including manual inspection, the "soap test" and a meter test. The results were negative for a leak in the baker's oven or any other appliance in the kitchen although a leak was discovered in the "house pipes" near the metal shop some distance from the kitchen.

The two principal areas of evidential controversy center on plaintiff's actions prior to her attempt to light the pilot and the adequacy of the gas company's tests for leakage. The plaintiff claims that the accident was caused by a leak in or around the pilot or the oven burners. The defendant claims that the plaintiff hesitated or otherwise delayed in lighting the pilot on the morning of the accident, thus allowing an explosive concentration of gas to accumulate in the oven after she turned on the pilot light valve.

In reviewing the direction of a verdict for the defendant we examine the evidence in the light most favorable to the plaintiff. *Santor* v. *Balnis,* 151 Conn. 434, 435, 199 A.2d 2; *Nuzzo* v. *Connecticut Steel Co.,* 147 Conn. 398, 400, 161 A.2d 791. We also consider the inferences which may reasonably be drawn from that evidence. *Adams* v. *Mohican Hotel,* 124 Conn. 400, 401, 200 A. 336. If there is evidence upon which the jury could have reasonably found liability in accordance with the allegations of the complaint, the court should not have directed the verdict. *Bambus* v. *Bridgeport Gas Co.,* 148 Conn. 167, 168, 169 A.2d 265. Notice of an odor of gas was given to the defendant's employees upon two occasions shortly before the accident. There was testimony that this odor had been noticed for some time principally in the stove area and that the defendant's repairmen had been so informed. All appliances in the kitchen were turned off the night before. The pilot was found off after the explosion. There was no evidence that it had been touched after the explosion. The explosion resulted either from a leak or because the plaintiff delayed in lighting the pilot after turning it on. There was no evidence that the plaintiff was slow in lighting the match to

start the oven. In light of the obligation of servicing upon request which the defendant had assumed, the jury could find that the defendant was negligent in not discovering a leak. They could then properly find that such negligence was a proximate cause of the plaintiff's injuries and damages. The plaintiff had made out a prima facie case, which in the absence of a satisfactory explanation is sufficient to preclude the direction of a verdict for the defendant. *Mott* v. *Hillman,* 133 Conn. 552, 555, 52 A.2d 861; *Peters* v. *Billick,* 147 Conn. 699, 702, 166 A.2d 146.

Either there was a leak or the plaintiff was negligent in her procedure. We cannot say that the proof offered by the plaintiff is conclusive as to a leak having been present, but it is not necessary that only one theory be suggested by the evidence for it is the particular function of the jury to accept one theory and reject another. *LeBlanc* v. *Grillo,* 129 Conn. 378, 383, 28 A.2d 127. We do not require that the plaintiff's evidence exclude every other hypothesis but her own. *Dickson* v. *Yale University,* 141 Conn. 250, 253, 105 A.2d 463; *LeBlanc* v. *Grillo,* supra, 381; *Bradbury* v. *South Norwalk,* 80 Conn. 298, 301, 68 A. 321.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion KING, C. J., ALCORN and COMLEY, Js., concurred.

MURPHY, J. (dissenting). Too much court time is wasted when we persist in reversing judges who have the good sense to direct verdicts in cases in which it would be necessary to set aside the verdict if the case was submitted to the jury. *Bambus* v. *Bridgeport Gas Co.,* 148 Conn. 167, 171, 169 A.2d 265;

*Lurier* v. *Danbury Bus Corporation,* 144 Conn. 544, 547, 135 A.2d 597.

The majority opinion presupposes that there was a leak in the gas service in the baker's oven. But there was no evidence from which the jury could conclude that there was a leak in that piece of equipment. There was evidence that there had been an odor of gas in the kitchen but none in the vicinity of the baker's oven. The plaintiff testified that she did not know whether she had turned on the gas when she went to light the pilot. Yet, she stated that the pilot key was so tight that she could not turn it with her hands but had to use a pair of pliers to do so. The gas was turned off the night before, and it was off an hour after the explosion when the gas company's repairmen arrived. The pliers must have acted automatically. There were no leaks in the oven pipes when they were tested after the explosion. Certainly, if there had been a leak, the force of the explosion would have enlarged it. The trial judge was fully justified in directing the verdict.