BERNICE T. WRIGHT *v.* KING T. HAYES

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 159530

Memorandum filed October 27, 1970

*Schatz, Weinstein & Seltzer,* of Hartford, for the plaintiff.

*Howard, Kohn, Sprague & FitzGerald,* of Hartford, for the defendant.

FITZGERALD, J. The within memorandum of decision will also serve as the basic memorandum of decision in the case of *Alvin Walker* v. *King T. Hayes,* Hartford County, No. 158747, of the files of this court.[1] The episode giving rise to the litigation in both cases being the same, they went on trial together before a jury in September last. At the conclusion of the offers of proof in both cases, the court directed a verdict in favor of the defendant common to both cases. The action of the court in so doing was prompted, controlled and motivated by the realization that if the two cases had been submitted to the jury, and had verdicts been returned for the two plaintiffs, the court would have been required to set aside the verdicts so returned. This is a valid consideration under appropriate circumstances. *Ferri* v. *Smith,* 151 Conn. 481, 484; *Lurier* v. *Danbury Bus Corporation,* 144 Conn. 544, 547.

The undisputed facts may be briefly summarized. On January 13, 1968, and for several years prior thereto, the defendant was the owner of a two-family house located at 15-17 Harper Street in Hartford. On that date, and for about three years prior thereto, the plaintiff, Bernice T. Wright, occupied the second-floor apartment, comprising five rooms, on these premises as a tenant on an oral month-to-month tenancy. On that date, Mrs. Wright's household consisted of herself, her married daughter Betty, and the latter's husband. So also on that date, and for about three years prior thereto, Alvin Walker and his wife occupied the first-floor apartment on these premises. His tenancy was also on an oral month-to-month basis.

---

[1] In the case of *Alvin Walker* v. *King T. Hayes,* the plaintiff was represented by *Marshall S. Feingold,* of Hartford, and the defendant by *John R. FitzGerald,* of Hartford.

The defendant, an accountant in the employ of the state, acquired the property in 1957. For a short while, he and his family lived on one floor of the premises, and then they moved to the other floor; he rented out during this period the apartment not occupied by him and his faimly. A few years later, the defendant and his family moved to South Windsor. From this time forward, the defendant rented out both apartments and retained for himself a room in the basement which he used as an office. As of January 13, 1968, the occupants of the second- and first-floor apartments were as already stated.

A few minutes after 7 o'clock on the evening of Saturday, January 13, 1968, a fire broke out in the living room of the second-floor apartment of Mrs. Wright. The fire apparently was caused by an electric wall outlet the interior wiring of which had become defective. This outlet was located in close proximity to a couch which was against the north wall of the room. At the time, Mrs. Wright's daughter Betty was seated on or leaning against the couch, using the telephone. No one else of the Wright household was then at home.

In alarm, Betty ran downstairs to elicit the help of Alvin Walker, the tenant on the first floor. Walker responded to the call of distress and ascended the stairway to the second floor. He entered the second-floor apartment and saw that the couch in the sitting room was ablaze. In attempting to pull the couch away from the wall, which was becoming ignited from the spreading flames of the couch, Walker received painful burns to his person. He was required to withdraw from the apartment and leave the task of subduing the fire to the Hartford fire department.

In her case as party plaintiff, Mrs. Wright seeks to recover damages for the destruction of household

furnishings and wearing apparel caused by the fire. In his case as party plaintiff, Walker seeks to recover damages for injuries caused to his person by flames when he was attempting to move the couch and otherwise render assistance. The complaints in both cases are in two counts, the first being in negligence and the second for breach of warranties, express and implied. The allegations of the plaintiff in both counts seeking to assert liability on the part of the defendant are substantially identical.

It was the testimony of the defendant that when he bought the property in 1957 he put in a new furnace and that, other than that undertaking, he never made any electrical changes. For all that the evidence discloses, the defendant did nothing in the way of checking electric wires, in the exterior or interior of the premises, including electric wires in the walls, and no one of his various tenants, including Walker and Mrs. Wright, had ever complained of experiencing trouble with the wiring system. While it is true that Mrs. Wright, some three weeks before January 13, 1968, asked the defendant if he would put a longer chain in place of the one extending from the ceiling light in one of the rooms and add one or two more wall electric outlets or plugs in one or two other rooms of her apartment to serve standing floor lamps, and the defendant said that he would but did not get around to doing so before the fire, that circumstance cannot serve as any basis for charging the defendant with responsibility and liability for the fire episode of January 13, 1968, on any theory pleaded by the plaintiffs in their respective complaints or upon which they offered evidence.

It is to be noted that the fire broke out in the living room of Mrs. Wright's apartment, a room over which the defendant had no control, and in all probability was occasioned by wiring which had become defective in the wall outlet in that room at

some undisclosed time on or before January 13, 1968. That Mrs. Wright was a tenant of the defendant on an oral month-to-month tenancy is an undisputed fact. The legal relationship between Walker and the defendant was of the same character. The difference in Walker's situation is that he received his injuries in responding to a call for help by Betty, Mrs. Wright's daughter. So far as a landlord-tenant relationship is concerned, and limited for the moment to that narrow groove, it cannot be said that the defendant violated any duty owing to Walker and Mrs. Wright under the rules in cases such as *Masterson* v. *Atherton,* 149 Conn. 302, 306, *Torre* v. *DeRenzo,* 143 Conn. 302, 306, and *Bentley* v. *Dynarski,* 150 Conn. 147, 150.

There was no evidence presented that the defendant knew of defective wiring in the wall outlet or that he installed or permitted to be installed improper cabling, or that he or someone acting on his behalf did any of the things charged to him as acts or omissions constituting negligence and/or the commission of breaches of warranty, express or implied.

As already pointed out, the wiring had become defective at some undisclosed time on or before January 13, 1968. Hence constructive notice of the defect cannot be found within the rule laid down in such cases as *Long* v. *Savin Rock Amusement Co.,* 141 Conn. 150, 153; *Morris* v. *King Cole Stores, Inc.,* 132 Conn. 489, 492; and *Deptula* v. *New Britain Trust Co.,* 19 Conn. Sup. 434. And of course the fact that the wall outlet in question was located in a room over which the defendant had no control, since it was one of the rooms rented by Mrs. Wright, presents an added obstacle to constructive notice. Since the defendant generally collected the monthly rental moneys himself, Mrs. Wright or a member of her household had ample opportunity to tell him

on numerous occasions of any suspected wiring troubles; he was not so told. The inescapable inference is that no wiring difficulties made themselves manifest in the Wright apartment during Mrs. Wright's tenancy of three years until a few minutes after 7 o'clock on the evening of January 13, 1968.

To be sure, this court as the trial court is fully aware that directed verdicts are not favored. Our Supreme Court has held that "[i]n the exceptional case, however, a verdict may properly be directed." *Lurier* v. *Danbury Bus Corporation,* 144 Conn. 544, 547. It is considered that the present case and the Walker case fall within the exceptional situation referred to in *Lurier*. Attention is particularly called to cases quoted from and cited in *Lurier* following the sentence quoted above from that opinion. "Directed verdicts are not favored and should be granted only when the jury could not reasonably and legally reach any other conclusion." *Santor* v. *Balnis,* 151 Conn. 434, 435.

It was and is the firm conviction of the court that the jury in the present case and the Walker case could not reasonably and logically reach any other conclusion than the conclusion resulting from the direction of the court. Stated in another way, it was and is the firm conviction of the court that had the jury, because of sympathy or some other extraneous reason, returned verdicts for Walker and Mrs. Wright, those verdicts would have had to be set aside by the court as contrary to the law and as against the evidence. In addition to the opinions of our Supreme Court in the *Lurier* and *Santor* cases, supra, on this aspect, reference is also made to the more recent case of *Ferri* v. *Smith,* 151 Conn. 481, 484.

Cases of other jurisdictions cited in an annotation appearing in 86 A.L.R.2d 838, 840, directly after the

following quotation therefrom, appear persuasive as to the absence of proof of negligence or causation: "In several cases involving an action against a landlord for personal injury or death of a tenant from a fire allegedly due to a defective electrical system or equipment, recovery has been denied, as a matter of law, on the ground of insufficient proof of the landlord's negligence or of causation."

As to the insufficiency of proof regarding the breach of warranty count in each complaint, reference is made to 49 Am. Jur. 2d, Landlord and Tenant, § 771.

Further discussion is not required. The plaintiff's motion in this case and the motion of the plaintiff in the companion case of *Alvin Walker* v. *King T. Hayes* to set aside the verdict directed for the defendant by the court are denied in toto. Judgment may now enter on the directed verdicts in both cases.