[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO SET ASIDE VERDICT
The court granted a directed verdict at the close of the plaintiff's case, based on the testimony and evidence presented. A directed verdict is justified if on the evidence the jury could not reasonably and legally have reached any other conclusion. Petyan v. Ellis, 200 Conn. 243, 244,510 A.2d 1337 (1986). "While it is the jury's right to draw logical deductions and make reasonable inferences from the facts proven . . . it may not resort to mere conjecture and speculation. (Citations omitted.) Merola v. Burns, 21 Conn. App. 633, 636, 575 A.2d 1025 (1990). "If the evidence would not support a finding of the particular issue, the trial CT Page 4112 court has a duty not to submit it to the jury." (Citations omitted.) Id.
The evidence presented in this case was insufficient to allow a jury verdict based on more than mere speculation. If the jury had returned a verdict for the plaintiff, this court would have been obligated to set the verdict aside upon proper motion. Furthermore, the plaintiff's argument that the court should not have directed a verdict due to the earlier discussions in chambers is totally without merit. The case relied on by the plaintiff, while accurate in its recitation of the law, is inapposite to the present case. Krattenstein v. G. Fox Co., 155 Conn. 609,236 A.2d 466 (1967). This was not a pretrial settlement conference in a case to be tried to the court, and there were no matters disclosed during the aforementioned discussions that led to any preliminary judgment by this court. Moreover, the court's decision was not affected by any "haste and pressure of the court room." (Citations omitted.) Lurier v. Danbury Bus Corporation, 144 Conn. 544, 546-47, 135 A.2d 597 (1957). Simply put, there was insufficient evidence presented in the plaintiff's case on which to base a jury verdict for the plaintiff. "A court must take factual issues from the jury if, when all the evidence and the inferences drawn therefrom are viewed in favor of the plaintiff, the jury could not reasonably find for the plaintiff." Couture v. Board of Education, 6 Conn. App. 309, 314, 505 A.2d 432 (1986), citing Bleich v. Ortiz, 196 Conn. 498, 500-01, 493 A.2d 236 (1985). Accordingly, the plaintiff's motion to set aside the directed verdict is denied.
It is so ordered.
HIGGINS, J.