[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
Background
This action is brought by Aaliyah Smith, a minor, through Regina Brown, her grandmother, legal guardian and next friend. The Plaintiff alleges that the Defendant was the owner of a tenement house at 109 Foster Street, Manchester, Connecticut, and retained control of the CT Page 7160 halls, landings, porches and stairways used in common by all tenants of the building and others coming into the premises. The Plaintiff claims that she was an invitee of one of the tenants in the building and, while playing on the third story porch, by reason of missing railings, she was caused to fall three stories to a cement landing, causing her injuries. The Plaintiff claims that her injuries were caused by the carelessness and negligence of the Defendant in that, among other claims, the porch was in a defective condition because of the missing railings and the Defendant had failed to remedy or correct this condition.
By motion dated February 1, 2002, the Defendant moved for summary judgment. The Defendant claims that the Plaintiff's allegations relate to missing vertical spindles (not railings)[1] and that even if the allegations of the complaint regarding the missing vertical spindles are assumed true, the only witness to Aaliyah's fall testified in her deposition that she crawled over the top of the railing and fell. Therefore any alleged missing vertical spindles are irrelevant and there is no issue of material fact and the Defendant is entitled to judgment as a matter of law. In support of its motion, the Defendant submitted the transcript of the deposition of Ebonnie Askew, the Plaintiff's sister who was just shy of six years old at the time of the Plaintiff's fall.
The Plaintiff, by objection dated February 8, 2002, claims that the Defendant's motion should be denied because it is based on the deposition testimony of a witness who was nine years old at the time of the deposition and that her credibility is in question and should be left to the trier of fact. At that time, the Plaintiff did not submit any opposing affidavits or other evidence. The Defendant filed a reply to the Plaintiff's objection on February 15, 2002 noting that the Plaintiff had failed to offer any evidence as to how she fell and that simply raising the claims that an issue of fact exists or that the credibility of the witness should be evaluated by the jury, does not defeat its Motion for Summary Judgment. On February 27, 2002, the Plaintiff filed a supplement to her objection to the Motion for Summary Judgment in which she claims that the Defendant's motion is based on the deposition of a child who was five years old at the time of the incident and who was nine at the time of the deposition and that her testimony at the time of the accident was different from her deposition testimony. In support of this claim, the Plaintiff submits the report of the criminal investigation by the Manchester Police Department. The Plaintiff references in that report the reporting officer's statement that he interviewed Ebony(sic) on the day of the incident and she said she did not see the victim fall and could not describe how the fall occurred. The Defendant filed a reply dated March 1, 2002 in which it claims that this statement in the police report is not admissible and therefore should not be considered by the court. CT Page 7161
Oral argument on the motion for summary judgment was held on March 11, 2002.
Discussion
Practice Book § 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "`A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law. Practice Book 384; Yanow v. TealIndustries, Inc., 178 Conn. 262, 268, 422 A.2d 311 (1979); United OilCo. v. Urban Redevelopment Commission, 158 Conn. 364, 377-78, 260 A.2d 596
(1969).' Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11,459 A.2d 115 (1983). See Herman v. Endriss, 187 Conn. 374, 446 A.2d 9
(1982). Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. Barthav. Waterbury House Wrecking Co., supra. 11-12; Farrell v. Farrell,182 Conn. 34, 38, 438 A.2d 415 (1980); Rusco Industries, Inc. v. HartfordHousing Authority, 168 Conn. 1, 5, 357 A.2d 484 (1975). It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. `Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book 380.' Barthav. Waterbury House Wrecking Co., supra, 12. `The movant has the burden of showing the non-existence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist.' Kasowitz v. Mutual Construction Co.,154 Conn. 607, 613, 228 A.2d 149 (1967), quoting Boyce v. Merchants FireIns. Co., 204 F. Sup. 311, 314 (D. Conn. 1962); see Farrell v. Farrell, supra, 39; Plouffe v. New York, N.H. H.R. Co., 160 Conn. 482, 490,280 A.2d 359 (1971); Hartmann v. Smith, 158 Conn. 613, 614, 259 A.2d 645
(1969)." Burns v. Hartford Hospital, 192 Conn. 451, 455 (1984).
"`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Stradav. Connecticut Newspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005
(1984). . . . Cortes v. Cotton, 31 Conn. App. 569, 572-73, 626 A.2d 1306
(1993).'. . . Rosario v. Hasak, 50 Conn. App. 632, 636-37, 718 A.2d 505
(1998)." Macricostas v. Kovacs, 67 Conn. App. 130, 132-133 (2001).
When determining a motion for summary judgment, the facts at issue are those appropriately alleged in the pleadings. Gould v. Mellick andCT Page 7162Sexton, 66 Conn. App. 542, 544 (2001). Here the Plaintiff alleges that "by reason of missing railings" she was caused to fall from the porch and sustain injuries. She further alleges that her injuries were cause by the carelessness and negligence of the Defendant in that: 1) the railings on the porch were missing and out of repair so the porch was in a defective and dangerous condition; 2) the conditions had existed for an unreasonable period of time yet the Defendant had taken no measures to remedy or correct them; 3) the Defendant was ordered to fix the railings by the Manchester Building Inspector sometime prior to the Plaintiff's fall; 4) the Defendant knew of these conditions and should have taken measures to remedy and correct them but refused or neglected to do so; and 5) the Defendant was negligent in that he refused or neglected to comply with the statutory duties of a landlord in violation of General Statutes § 47a-7. Thus the essential fact at issue is whether the Plaintiff's fall was caused by the missing railing.
The burden is on the Defendant, as the moving party, to establish that there is no issue of material fact. While, in assessing whether such a issue of fact exists, the court must view the evidence in the light most favorable to the Plaintiff. Here the Plaintiff claims that her fall was caused by the negligence of the Defendant because it failed to fix the missing vertical spindles in the porch railing. The Defendant claims that the testimony of Ebonnie in her deposition establishes that the Plaintiff fell over the railing, not through it. Therefore the Plaintiff's fall was not due to the negligence of the Defendant even if there were spindles missing from the railing. A review of the deposition transcript, however, does not convince the court that Ebonnie clearly intended to state unequivocally that her sister, who was then eighteen months old, climbed over the railing rather than fell through the holes in the railing caused by the missing spindles. In fact, at one point in the deposition she states: "I think she went through the railing." (Deposition of Ebonnie Askew, May 31, 2001, p. 21). The only evidence the Plaintiff has submitted to counter the deposition of Ebonnie is a statement that Ebonnie allegedly gave to the police the day of the incident that she did not know how the Plaintiff fell.[2] As the Defendant correctly points out, such a statement is not admissible since it is hearsay. Hutchinson v. Plante, 175 Conn. 1, 5 (1978). Therefore, it cannot be considered by the court in deciding the Motion for Summary Judgment. Fogarty v. Rashaw, 193 Conn. 442, 444 (1984). Even if the court did consider this statement, it can only serve to lead to a conclusion that Ebonnie's statement in her deposition that Aaliyah fell over the railing rather than through it may not be credible.
"In ruling on a motion for summary judgment, the court must make two determinations: first, that there are no genuine issues of material fact; and second, that the moving party is entitled to judgment as a CT Page 7163 matter of law. Practice Book § 17-49; Miller v. United TechnologiesCorp., 233 Conn. 732, 745, 660 A.2d 810 (1995)." Gould v. Mellick andSexton, 66 Conn. App. 542, 553 (2001). "A `genuine' issue has been variously described as a `triable,' `substantial' or `real' issue of fact; see note, 48 Colum. L. Rev. 780; and has been defined as one which can be maintained by substantial evidence. Firemen's Mutual Ins. Co. v.Aponaug Mfg. Co., 149 F.2d 359, 362 (5th Cir.); Riss Co., Inc. v. Assn.of American Railroads, 190 F. Sup. 10, 17 (D.D.C.); note, 48 Iowa L. Rev. 453, 454. Hence, the `genuine issue' aspect of summary judgment procedure requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred. Note, 48 Colum. L. Rev. 780, 781; see Dewey v. Clark, 180 F.2d 766, 772
(D.C. Cir.); Whitaker v. Coleman, 115 F.2d 305, 306, 307 (5th Cir.). A `material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case. Curtis v. UnitedStates, 168 F. Sup. 213, 216 (Ct.Cl.), cert. denied, 361 U.S. 843,80 S.Ct. 94, 4 L.Ed.2d 81." United Oil Co. v. Urban RedevelopmentCommission, 158 Conn. 364, 378-379 (1969). Here there is a genuine issue of material fact. Obviously, how the Plaintiff fell is a material fact. Although the Plaintiff has submitted no opposing affidavit or other evidence which would serve to support her claim that she fell because of the missing spindles, the Defendant's submission does not satisfy the court that there is no material issue of fact in dispute as to how the Plaintiff fell.
In any event, even if the court determined that there is no genuine issue of material fact in dispute, the court must then decide whether the moving party is entitled to judgment as a matter of law. "The test of the requirement for the granting of a summary judgment that the moving party be entitled to judgment as a matter of law is resolved by applying to the established facts the same criteria as used in determining whether a party would be entitled to a directed verdict on the same facts. 6 Moore, Federal Practice (2d Ed.) 56.02 [10], 56.15 [3], and cases cited. `[A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party.' Sartor v. Arkansas Natural Gas Corporation,321 U.S. 620, 624, 64 S.Ct. 724, 88 L.Ed. 967. In Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed. Vuono v. Eldred, 155 Conn. 704, 705, 236 A.2d 470; Engengro v.New Haven Gas Co., 152 Conn. 513, 516, 209 A.2d 174." United Oil Co. v.Urban Redevelopment Commission, 158 Conn. 364, 380 (1969).
Here the court is not satisfied that the Defendant would be entitled CT Page 7164 to a directed verdict on the limited evidence before it.
Therefore, the Defendant's Motion for Summary Judgment is denied.
Jane S. Scholl, J.